EUGENE MERCER *v.* COMMISSIONER OF CORRECTION
(11486)

DALY, FREEDMAN and CRETELLA, Js.

Argued March 30—decision released June 29, 1993

*Temmy Ann Pieszak,* assistant public defender, for the appellant (petitioner).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *Patricia A. Swords,* state's attorney, and *Bruce Hudock,* senior assistant state's attorney, for the appellee (respondent).

DALY, J. The petitioner appeals from the habeas court's dismissal of his amended habeas corpus petition after determining that the petitioner was not entitled to relief through a writ of habeas corpus. We affirm the judgment of the trial court.

The amended petition alleged that the petitioner was prejudiced by the deficient performance of his trial and appellate counsel. These claims originate from a pretrial hearing that focused on the potential danger that the presence of the petitioner might pose to others in the courtroom given that he suffers from an AIDS[1] related complex. After an expert reassured the court that the petitioner's condition posed no threat to anyone in the courtroom, the trial court informed the venirepersons that the petitioner suffered from AIDS. Potential jurors unable to remain impartial because of the petitioner's condition were dismissed by the trial court. Additionally, during voir dire, almost all of the remaining potential jurors were further questioned by counsel for the petitioner and the state about their views and feelings with respect to the petitioner's condition. The petitioner contends that his counsel was ineffective in failing to object to the preliminary hearing and to the statements made to venirepersons about his condition.

[1] Acquired Immune Deficiency Syndrome.

The petitioner also maintains that his appellate counsel was ineffective for failing to argue on appeal that the petitioner's rights to equal protection under the law and privacy had been deprived by the court's actions with respect to his condition. On direct appeal, the petitioner's counsel had argued that the trial court denied him his due process right to a fair trial because the jury was prejudiced against him when the trial court informed prospective jurors that the petitioner was infected with the virus that causes AIDS. Our Supreme Court disagreed and upheld the petitioner's conviction for felony murder in violation of General Statutes § 53a-54c. *State* v. *Mercer,* 208 Conn. 52, 544 A.2d 611 (1988).

The petitioner filed a petition for a writ of habeas corpus and the habeas court dismissed the petition without an evidentiary hearing after determining that the petitioner was not entitled to habeas relief, essentially because of the conclusion that there was no possibility of prejudice. This appeal followed.[2] We must determine whether the habeas court properly dismissed the habeas petition.

The right to effective assistance of counsel is guaranteed by the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. "In an appeal from the denial of a habeas writ, the burden imposed on the petitioner is higher than that imposed on him in a direct appeal"; *Magnotti* v. *Meachum,* 22 Conn. App. 669, 674, 579 A.2d 553 (1990); "and . . . the claimed error of law must constitute a fundamental defect which inherently results in a miscarriage of justice . . . . *Hill* v. *United States,* 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). . . ." (Internal quotation marks

---

[2] The trial court granted the petitioner permission to appeal pursuant to General Statutes § 52-470 (b).

omitted.) *Veal* v. *Warden,* 28 Conn. App. 425, 430, 611 A.2d 911, cert. denied, 224 Conn. 902, 615 A.2d 1046 (1992).

"In order to establish his claim for relief, the petitioner must make a two-fold showing: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial. . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Citations omitted; internal quotation marks omitted.) *Valeriano* v. *Bronson,* 209 Conn. 75, 85–86, 546 A.2d 1380 (1988). "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice." *Nardini* v. *Manson,* 207 Conn. 118, 124, 540 A.2d 69 (1988).

"We have adopted the two-part *Strickland*[3] analysis in the context of a claim of ineffective assistance of appellate counsel. *Sekou* v. *Warden,* 216 Conn. 678, 690, 583 A.2d 1277 (1990); *Valeriano* v. *Bronson,* [supra], 83–84." *Bunkley* v. *Commissioner of Correction,* 222 Conn. 444, 455, 610 A.2d 598 (1992). "The constitutional right of a criminal defendant to the effective assistance of counsel also includes the right to such assistance on the defendant's first appeal as of right. *Evitts* v. *Lucey,* 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)." *Bunkley* v. *Commissioner of Correction,* supra. "[I]n order for the petitioner to establish prejudice resulting from his appellate counsel's deficient performance, he must establish that, as a result of that performance, there remains a prob-

[3] *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

ability sufficient to undermine confidence in the verdict that resulted in his appeal." Id., 454. In other words, he must demonstrate that because of his appellate counsel's failure to raise the privacy and equal protection claims on direct appeal, "there is a reasonable probability that he remains burdened by an unreliable determination of his guilt." Id.

We find that the habeas court properly determined that even if all of the facts claimed by the petitioner were proven, the petitioner could not prevail given our Supreme Court's decision in *State* v. *Mercer,* supra, because the petitioner could not establish prejudice.

The petitioner argues that the habeas court effectively concluded that res judicata precluded the granting of habeas relief because the habeas court found that our Supreme Court's decision in *State* v. *Mercer,* supra, was binding. The petitioner further contends that since the principle of res judicata does not apply to habeas corpus proceedings, the habeas court's decision was improper especially given that the allegations on which the petition is founded involve ineffective assistance of counsel and not due process violations. See *Sanders* v. *United States,* 373 U.S. 1, 8, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963); *Lozada* v. *Warden,* 223 Conn. 834, 613 A.2d 818 (1992). We disagree.

The habeas court declined to hold an evidentiary hearing after ruling that the petitioner was not entitled to habeas relief, even if he was able to prove the allegations of his petition. It did not find that our Supreme Court's decision was binding, but rather, that the petitioner could not have been prejudiced by the performance of his trial and appellate counsel where the petitioner's constitutional claims in his habeas corpus petition are founded on alleged jury bias that our Supreme Court found did not exist in *State* v. *Mercer,* supra.

The habeas court properly determined that the petitioner was not entitled to habeas corpus relief because the petitioner had not been deprived of a fair trial. The only connection between the trial court's actions with regard to the petitioner's medical condition and the fairness of petitioner's trial was the effect the revelation of the petitioner's medical condition had on the jury. The issue of jury bias has been fully addressed by our Supreme Court when it determined the petitioner had not been deprived of a fair trial. Id. The petitioner's counsel agreed that the equal protection claim was "a part and parcel of the fair trial argument" raised on direct appeal. Under these circumstances, the habeas court was entitled to rely on the following extract from our Supreme Court's decision in *State* v. *Mercer,* supra, 61–62: "In less extreme cases, the United States Supreme Court has reviewed the 'totality of the circumstances' to determine whether a defendant's trial was fundamentally fair. *Murphy* v. *Florida,* [421 U.S. 794], 799, [95 S. Ct. 2031, 44 L. Ed. 2d 589 (1975)]. Accordingly, while the trial court's disclosure in this case that the defendant supposedly had AIDS created the distinct risk of prejudice, we consider the totality of the circumstances to determine whether the jurors were in fact biased against the defendant. Of particular importance in our inquiry is the conduct of the voir dire. Cf. *Murphy* v. *Florida,* supra, 800–803; *State* v. *Marra,* [195 Conn. 421], 431–36, [489 A.2d 350 (1985)]. 'Voir dire plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored.' *Rosales-Lopez* v. *United States,* 451 U.S. 182, 188, 101 S. Ct. 1629, 68 L. Ed. 2d 22 (1981).

"In the instant case, the trial court set no limits on the individual voir dire with regard to questions regarding the defendant's condition. Prospective jurors who expressed any concern about the contagiousness of

AIDS or doubts about their ability to be impartial due to the defendant's condition were immediately dismissed for cause. In addition, both parties were granted additional peremptory challenges. At the time that the jurors who ultimately convicted the defendant had been selected, the defendant had not exhausted his challenges. 'Unless all his peremptory challenges have been exercised before the completion of jury selection, it is presumed that no juror was permitted to serve whom the defendant regarded as biased or unsuitable, although he might have preferred others.' *State* v. *Vitale,* 190 Conn. 219, 225, 460 A.2d 961 (1983).

"Moreover, review of the voir dire of the jurors who found the defendant guilty leads us to conclude that they were not biased against him because of his medical condition. Several volunteered that they believed that the issue was wholly irrelevant to the question of the defendant's guilt. One juror expressed sympathy toward the defendant. Another pointed out that the defendant's condition presented a greater risk to himself than to the jurors. Defense counsel chose not to pursue further the state of mind of a third juror, who, while asserting that the defendant's illness was not a factor, admitted that she found the situation somewhat 'scary.' The remaining jurors stated that the defendant's condition would not affect their judgment and that they were not concerned for their own health. The record thus discloses no evidence that the jurors who sat on the defendant's case were prejudiced by the knowledge that he supposedly suffered from AIDS. On this basis, we conclude that the defendant has failed to show that actual juror bias deprived him of a fair trial. See *State* v. *Van Straten,* 140 Wis. 2d 306, 409 N.W.2d 448 (Wis. App.) (in the face of unusual and substantial pretrial publicity, trial court did not err in revealing to jurors during voir dire that defendant had AIDS), rev.

denied, 139 Wis. 2d 861, 415 N.W.2d 162, cert. denied, 484 U.S. 932, 108 S. Ct. 304, 98 L. Ed. 2d 263 (1987)."

Thus, the constitutional claims allegedly mishandled by the petitioner's counsel did not affect the petitioner's trial or appeal in a manner different from the alleged due process violations raised on direct appeal. We therefore find that the habeas court properly determined that the petitioner was not entitled to habeas relief because there was no possible prejudice suffered in this case.

The judgment is affirmed.

In this opinion CRETELLA, J., concurred.

FREEDMAN, J., dissenting. Where material issues of fact are in dispute, it is fundamental to our notions of due process of law that a party is entitled to the opportunity to have the trier of fact resolve those disputed factual issues after a full evidentiary proceeding. Because I believe that the allegations of the habeas petition in this case are not insufficient as a matter of law to permit the granting of the petition, I conclude that the trial court improperly denied the petitioner the opportunity to present evidence in support of his petition for habeas corpus. Accordingly, I dissent.

The petitioner alleges that trial counsel's deficient performance permitted the jurors to become prejudiced against him as a result of the disclosure of his medical condition, thus depriving him of a fair trial. His claim on direct appeal that the disclosure of his medical condition prejudiced the jury against him was rejected by our Supreme Court based on the trial record available to it. *State* v. *Mercer,* 208 Conn. 52, 55–63, 544 A.2d 611 (1988). In rejecting the petitioner's claim, raised for the first time on appeal pursuant to *State* v. *Evans,*

165 Conn. 61, 70, 327 A.2d 576 (1973),[1] our Supreme Court concluded that the information conveyed to the jurors was not so inherently prejudicial as to make the possibility of prejudice highly likely or almost unavoidable. *State* v. *Mercer,* supra, 59–60. Furthermore, "[t]he record . . . disclose[d] no evidence that the jurors who sat on the defendant's case were prejudiced by the knowledge that he supposedly suffered from AIDS." Id., 62.

It is significant, in my view, that the petitioner presented his claim of juror bias to the Supreme Court for review under *State* v. *Evans,* supra. Because trial counsel failed to preserve the claim properly in the trial court, the *Mercer* court's conclusion was necessarily drawn from the limited record available to it.

The petitioner presents a broad allegation of prejudice in the present habeas petition. To the extent that the petitioner presents facts in support of his habeas petition that do no more than duplicate the trial record on the issue of juror bias, then the habeas court would be bound to conclude that the petitioner had not satisfied the prejudice prong of the *Strickland*[2] analysis. Certainly, *State* v. *Mercer,* supra, stands for the proposition that the facts presented in that case do not amount to a deprivation of a fair trial due to alleged juror bias. By the same token, to the extent that the petitioner shows not only that counsel's performance was deficient but also that he was prejudiced by that conduct, based on evidence *beyond* that contained in the record before the *Mercer* court, he might be entitled to habeas corpus relief.

---

[1] Review of unpreserved claim of trial error under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), has been refined and replaced by the analysis of our Supreme Court in *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

[2] See *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In my view, the petitioner's allegation of juror prejudice is sufficient to permit him to develop a factual record in support of his habeas claim. This conclusion necessarily follows in this case because dismissal pursuant to either Practice Book § 531[3] or § 532[4] is inappropriate. Under such circumstances, the habeas court's authority to "proceed in a summary manner to determine the issues of fact and law"; Practice Book § 536; cannot be used to deprive the petitioner of an evidentiary hearing on the allegations of his petition. Consequently, the petitioner should have been permitted the opportunity to present facts, in addition to those before the Supreme Court in his direct appeal, to substantiate his claim of juror bias.

The present habeas petition is not predicated on the same issues addressed in the petitioner's direct appeal. Although the petitioner must, by necessity, repeat his allegations of juror bias based on the disclosure of his medical condition, there may never have been a proper determination of that issue in the direct appeal because of the limited record available to the Supreme Court. The claim of ineffective assistance of counsel, when added to the claim of juror bias, along with an opportunity to develop a more complete record on *both* issues, results in a different legal determination of the issue of prejudice than was undertaken by the court in *State*

___

[3] Practice Book § 531 provides in pertinent part: "If a previous application [for a writ of habeas corpus] brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at a previous hearing."

[4] Practice Book § 532 provides: "The sufficiency of the petition on which the writ was granted and the propriety of the issuance of the writ may be tested, before a return is filed, by a motion to quash. On such a motion the allegations of the petition are deemed admitted."

"A motion to quash is the equivalent to [a motion to strike] a complaint in a civil action and seeks to test the legal sufficiency of the allegations of the petition." *Santiago* v. *Warden,* 27 Conn. App. 780, 784–85, 609 A.2d 1023, cert. denied, 223 Conn. 916, 614 A.2d 780 (1992).

v. *Mercer,* supra. This analysis of the applicability of res judicata principles in the context of a habeas corpus proceeding, I believe, follows the analysis undertaken by our Supreme Court in the recent case of *Lozada* v. *Warden,* 223 Conn. 834, 844, 613 A.2d 818 (1992), and leads ineluctably to the conclusion that the petitioner must be permitted the opportunity to present facts in support of his claim for relief.

Because the jury bias issue was addressed by our Supreme Court on *Evans* review, it was necessarily addressed in the context of a limited record. Here, the defendant seeks to expand on that factual record, inter alia, with respect to the question of whether his fair trial rights were prejudiced by juror bias. I believe that the petitioner is entitled to his day in court on this issue. Consequently, I would reverse the judgment of the habeas court and remand the case to that court for an evidentiary hearing.

