EUGENE MERCER *v.* COMMISSIONER OF CORRECTION (14820)

PETERS, C. J., BORDEN, BERDON, NORCOTT and LAVERY, Js.

Argued June 1—decision released July 12, 1994

*Temmy Ann Pieszak,* assistant public defender, for the appellant (petitioner).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *Patricia A. Swords,* state's attorney, and *Bruce Hudock,* assistant state's attorney, for the appellee (respondent).

PETERS, C. J. The sole issue in this certified appeal is the propriety of dismissing a petition for a writ of habeas corpus without affording the petitioner an opportunity to present evidence in support of his claims for relief. The petitioner, Eugene Mercer, filed an amended petition for a writ of habeas corpus, alleging that his conviction of felony murder pursuant to Gen-

eral Statutes (Rev. to 1983) § 53a-54c[1] should be set aside because of ineffective assistance of trial and appellate counsel. The habeas court dismissed the petition but granted the petitioner certification to appeal. A divided Appellate Court affirmed the dismissal of the petition. *Mercer* v. *Commissioner of Correction,* 31 Conn. App. 771, 775, 626 A.2d 831 (1993). We granted the petitioner's request for certification to appeal from the Appellate Court[2] and now reverse.

The petitioner's conviction of felony murder was affirmed by this court in *State* v. *Mercer,* 208 Conn. 52, 544 A.2d 611 (1988). Our opinion recites (pp. 55–56) some of the facts relevant to this habeas petition. At the time of his criminal trial, the petitioner was suffering from AIDS[3] related complex (ARC). Id., 55. The trial court had ordered a hearing, sua sponte, to determine whether the defendant's presence in the court-

---

[1] "[General Statutes (Rev. to 1983)] Sec. 53a-54c. FELONY MURDER. A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the first degree, sexual assault in the first degree with a firearm, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (A) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (B) was not armed with a deadly weapon, or any dangerous instrument; and (C) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (D) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

[2] We granted the petition for certification to appeal, limited to the following issue: "Was the petitioner entitled to an evidentiary hearing on his claim of ineffective assistance of counsel?" *Mercer* v. *Commissioner of Correction,* 227 Conn. 913, 632 A.2d 688 (1993).

[3] Acquired Immune Deficiency Syndrome.

room posed a risk of contagion to other persons, in particular to the jurors. Id. "The record does not disclose how this issue came to the court's attention or what prompted it to order the hearing. . . . At no time during the proceedings did the [petitioner's trial counsel] complain of the public nature of this proceeding, nor [did the petitioner's appellate counsel], on appeal, raise any issue about its propriety." Id., 55–56.

"Thereafter, as each panel of venirepersons was sworn in, the trial court informed the prospective jurors that the [petitioner] was suffering from AIDS. On all three occasions, the court then . . . emphasized that the [petitioner's] presence created no risk of contagion to them. . . . In addition, during voir dire almost all the potential jurors were further questioned by the attorneys about their views on AIDS and any who expressed doubt about their ability to be impartial or a fear of contagion were dismissed for cause. The [petitioner's trial counsel] never objected" to this voir dire procedure. Id., 56.

On appeal to this court, the petitioner's appellate counsel challenged, on constitutional grounds, the propriety of the trial court's conduct of the voir dire; id., 55; but did not contest, in any way, the validity of the initial hearing into the dangers posed by the petitioner's suffering from AIDS. Confining our review to the issues presented by appellate counsel,[4] we decided that, on the record then available, the petitioner had not established a violation of his constitutional rights to a fair trial. We held that the record of the voir dire of the jurors did not establish that they were biased against him because of his medical condition. We there-

[4] This court therefore declined to consider the amici's argument on direct appeal that "the hearing and the trial court's subsequent revelations violated the defendant's constitutional rights to privacy and equal protection." State v. Mercer, supra, 208 Conn. 56 n.4.

fore concluded that the petitioner had "failed to show that actual juror bias deprived him of a fair trial." Id., 62.

In his amended petition for habeas corpus, the petitioner alleged that he was denied effective assistance of counsel during both his trial and his direct appeal. According to the petition, the petitioner's right to a fair trial was prejudiced because trial counsel improperly failed to object to the voir dire procedure and because both trial and appellate counsel improperly failed to challenge the initial hearing inquiring into the consequences of his suffering from AIDS.

The habeas court dismissed the petition without holding an evidentiary hearing, and the Appellate Court affirmed the judgment of the habeas court. *Mercer* v. *Commissioner of Correction,* supra, 31 Conn. App. 775. Both courts reasoned that our opinion on the petitioner's direct appeal already had conclusively determined that he had been afforded a fair trial and that any default by the petitioner's trial or appellate counsel could not, therefore, have prejudiced his case. Id.; see *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Valeriano* v. *Bronson,* 209 Conn. 75, 85–86, 546 A.2d 1380 (1988); *Nardini* v. *Manson,* 207 Conn. 118, 124, 540 A.2d 69 (1988).

In this appeal, the petitioner contends, as the dissenting judge argued in the Appellate Court, that our affirmance of his conviction on direct appeal does not bar habeas relief. See *Mercer* v. *Commissioner of Correction,* supra, 31 Conn. App. 778–81 (*Freedman, J.,* dissenting). Because our affirmance was predicated on the record then before this court, the petitioner contends that he is entitled to an opportunity to present further evidence to support his claim that inadequate assistance of counsel deprived him of a fair trial. We agree.

Both statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims. General Statutes § 52-470 (a) provides that "[t]he court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require." In *Negron* v. *Warden,* 180 Conn. 153, 158 n.2, 429 A.2d 841 (1980), we noted that whenever a court is "legally required" to hear a habeas petition, § 52-470 (a) "delineate[s] the proper scope of [the] hearing . . . ." The statute explicitly directs the habeas court to "dispose of the case" only *after* "hearing the testimony and arguments therein."

In our case law, we have recognized only one situation in which a court is not "legally required" to hear a habeas petition. In *Negron* v. *Warden,* supra, 180 Conn. 158, we observed that, pursuant to Practice Book § 531, " '[i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing.' " We emphasized the narrowness of our construction of Practice Book § 531 by holding that dismissal of a second habeas petition without an evidentiary hearing is improper if the petitioner either raises new claims *or* offers new facts or evidence. Id., 158 and n.2. *Negron* therefore strengthens the presumption that, absent an explicit exception, an evidentiary hearing is always required before a habeas petition may be dismissed.

Applying these precepts in the circumstances of this case, we are persuaded that the petitioner has made a compelling case for an evidentiary hearing of his petition for habeas corpus. The petitioner is making his first

claim for relief, and nothing in Practice Book § 531 limits the availability of evidentiary hearings for the first habeas petition. The petitioner is entitled to show that, because of the inadequacy of his counsel, he was denied a fair trial by an impartial jury or is otherwise "burdened by an unreliable determination of his guilt." *Bunkley* v. *Commissioner of Correction,* 222 Conn. 444, 454, 610 A.2d 598 (1992); id., 460–61. On direct appeal, our determination that the trial was fair necessarily was based only on the facts contained in the appellate record. *State* v. *Mercer,* supra, 208 Conn. 57 (examining whether "record . . . clearly demonstrate[d] that the defendant [had been] denied a fair trial"); id., 60–62 and n.8; see *State* v. *Altrui,* 188 Conn. 161, 176 n.4, 448 A.2d 837 (1982) (appellate determination that trial record fails to demonstrate prejudice does not preclude introduction of supplemental evidence of prejudice on habeas). Moreover, the direct appeal was not the proper vehicle for the petitioner to allege that errors of counsel prejudiced his trial. *State* v. *Williamson,* 206 Conn. 685, 706, 539 A.2d 561 (1988); *State* v. *Leecan,* 198 Conn. 517, 541–42, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986). Indeed, we assumed on direct appeal that counsel's decisions had been informed choices, and we specifically inferred from those decisions that, at the time of trial, the petitioner believed the trial procedures to be fair. *State* v. *Mercer,* supra, 208 Conn. 60.[5] Thus, as we held in *Lozada* v. *Warden,* 223 Conn. 834, 844, 613 A.2d 818 (1992), "there may never have been a proper determination of [whether there was error] in the first . . . proceeding because of the allegedly incompetent . . . counsel." We therefore conclude that the Appellate

---

[5] "[T]he defendant's failure to complain of the trial court's disclosure essentially represented acquiescence in its actions. Implicit in such acquiescence was his perception that the court's manner of proceeding would lessen rather than increase whatever prejudice resulted . . . ." *State* v. *Mercer,* supra, 208 Conn. 60.

Court improperly affirmed the dismissal of the petitioner's application for a writ of habeas corpus.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the habeas court for an evidentiary hearing on the petition for habeas corpus.

In this opinion the other justices concurred.