[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 2307
The respondent has filed motions to dismiss and quash the petition for habeas corpus relief filed by the petitioner with regard to his sentence of thirty years, suspended after twenty years, with three years probation. On April 1, 1992, the petitioner entered Alford pleas to attempt to commit murder, in violation of General Statutes § 53a-49(a)(2); carrying a pistol without a permit, in violation of General Statutes § 29-35(a); assault on a police officer, in violation of General Statutes § 53a-167c
(a)(1); and criminal mischief first degree, in violation of General Statutes § 53a-115(a)(1).
The respondent's motions are based on his contention that the petitioner previously raised the substantially same claims in a prior petition, dated September 3, 1992, filed and litigated in the Judicial District of Tolland at Somers, under the caption of Barlowv. Warden, No. 1529. Judge Sferrazza dismissed said petition on May 26, 1994.
This court heard argument on these motions on December 23, 1994. By agreement of the parties, the court has been provided the Tolland County file bearing Docket No. 1529. This court has reviewed that voluminous file in its entirety and agrees with the respondent's claims.
 In our case law, we have recognized only one situation in which a court is not "legally required" to hear a habeas petition. In Negron v. Warden [158 Conn. 153, 158 (1980)] we observed that, pursuant to Practice Book 531, "`[i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without a hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing.'"
Mercer v. Commissioner, 230 Conn. 88, 93 (1994).
The petitioner has raised no new claims; he offers no new facts or evidence. He claims that the Tolland County petition was disposed of by summary judgment, without an evidentiary hearing, therefore, he should be given another opportunity to develop the issues in his case and have a hearing on its merits. CT Page 2308
The petitioner's argument lacks merit because it begs the question. The issue is whether the narrow exception carved out by Practice Book § 531 applies to this petition, when it is compared to the matter previously raised by the petitioner in Tolland County. The conclusion appears inescapable to this court; the claims, facts and evidence in both petitions are nearly the same, if not identical.
"The language of § 531 is clear on its face and prescribes that trial courts may dismiss a second application without a hearing only if that application asserts the same grounds and fails to state new facts or proffer new evidence not reasonably available to the petitioner at the hearing on his previous application." Negronv. Warden, 180 Conn. 153, 158 (1980). In this case, the petitioner has asserted no new ground for relief; he has barely attempted a reformulation of his previously rejected claims, despite his verbosity.
For the reasons stated, the petition is dismissed.
Martin, J.