[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By amended petition dated September 6, 1995, the petitioner claims that his present incarceration is unlawful on the basis that he was denied the effective assistance of appellate counsel in his underlying criminal prosecution. The respondent has filed a Motion for Summary Judgment alleging, as grounds, that the petitioner had filed a prior petition for a writ of habeas corpus concerning the same conviction and that his failure to make this allegation in that writ constitutes an abuse of the writ in the absence of an allegation in this petition of sufficient "cause" and "prejudice" to excuse the omission in the previous writ. The respondent raises, as alternative grounds, that the petition should be dismissed on the basis that the petitioner has failed CT Page 234-P to allege that he did not "deliberately bypass" his prior habeas actions with respect to this claim, or, that this petition should be dismissed because a prior habeas judgment is res judicata with respect to this claim.
On November 25, 1985, following his conviction for the offense of Robbery in the First Degree and of being a Persistent Felony Offender, the petitioner was sentenced to a term of twenty years imprisonment, consecutive to a twenty year sentence he had received on April 30, 1985 in conjunction with another robbery. On appeal the petitioner's conviction was affirmed. State v.Cubano, 203 Conn. 81 (1987).
The petitioner has filed four previous petitions attacking this conviction. The petitioner filed two pro se habeas petitions in the Superior Court, Tolland Judicial District. While both petitions challenged his conviction, one claimed that his trial counsel was ineffective, and the other asserted that he should have been entitled to dismiss his trial counsel and obtain new counsel. These two petitions, bearing Docket Numbers CV 86 111 and CV 87 283, were later consolidated. By pleading dated September 12, 1988, the petitioner, through counsel, filed an amended petition in the consolidated habeas actions. This pleading contained allegations implicating the petitioner's right to the effective assistance of counsel, a claim by the petitioner CT Page 234-Q that the court should have appointed another attorney once the petitioner had expressed disagreement and disappointment with trial counsel, and allegations that the petitioner had been denied a fair trial because of the presence of corrections officers in the courtroom during trial. This petition also included an allegation that the petitioner's conviction was illegal because he had been denied his State and Federal constitutional rights to trial by an impartial jury drawn from a fair cross-section of the community.
Pertinent to the present motion, included in this amended petition was the petitioner's allegation that he was forced to raise these claims in his habeas petition because "the attorney who handled [the petitioner's] appeal refused to include [them] in the appellant's brief before the Connecticut Supreme Court."
The petitioner was represented on appeal from his criminal convictions by Attorney Joseph Bruckman.
Between the date of this amended petition and the habeas trial date, habeas counsel, upon the filing of an Anders brief, was permitted to withdraw.
On January 24, 1990, following an evidentiary hearing, the court, Kaplan, J., dismissed the petition. In rendering his oral decision, Judge Kaplan alluded twice to the conduct of appellate CT Page 234-R counsel. In discussing the issue of whether trial counsel should have more thoroughly investigated and pursued issues involving a pre-trial line up, the court stated:
 "I think that where Mr. Cubano fails to properly see this issue or understand this issue is that he was given advice by Attorney Poppa, Attorney Sweeney, Attorney Bruckman, Attorney Drager and Attorney Pearson at the various states they were handling his case, that the lineup was probably suggestive. And it may well have been . . . So when Mr. Cubano asked his prior habeas attorney, his appeals attorney and the original trial attorney whether they thought these issues were good issues, they answered, `Yes.' And these were good issues. These were issues worth raising in this proceeding. They were, in the terms that we use, there were non-frivolous issues that were worth pursuing in the habeas court.
 But that does not mean those non-frivolous issues have been proven by a fair preponderance of the evidence to show that either Mr. Cubano was represented by ineffective counsel, Mr. Hunt, or any of the other attorneys for that matter, or that he was prejudiced by any conduct of his attorneys in the trial appeal process that he faced."
Appendix B to Respondent's Motion, Trial Transcript pp. 6-7.
The petitioner also made claims that he was denied the right to counsel by the failure of the Public Defender's Commission or the court to replace trial counsel after he had expressed CT Page 234-S dissatisfaction with him. In responding to these claims, Judge Kaplan found that there was no evidence to support a need to replace trial counsel. The court stated:
 "And therefore, I find that Mr. Cubano failed to meet his burden of proof by a fair preponderance of the evidence that he was denied a fair trial for failure of a different attorney to be appointed to represent him.
 And, again, since I make that Finding, Paragraph Six that this issue wasn't raised on appeal, I don't think it was a viable issue to raise on appeal. And therefore the appellate attorney was not incorrect when he failed to raise it."
Id. 15. The court also stated; "Therefore, Mr. Cubano was not denied a fair trial by the Court's failure to appoint new counsel and not denied a full review on appeal of this issue by the appellate counsel's failure to raise the issue. Because I don't think it was a viable issue to raise" Id. 16.
Prior to the habeas trial conducted by Judge Kaplan, the petitioner, by pleading dated June 24, 1987, filed another habeas petition contesting the convictions which underlie this habeas petition. This petition was filed in the Superior Court, Hartford Judicial District, and given the Docket Number CV87 0 01 49. The grounds alleged in this petition was that there was trial irregularity in the underlying criminal trial. The petitioner asserted that he had been prejudiced by the trial court's ruling permitting evidence to be introduced concerning the petitioner's CT Page 234-T participation in another robbery. The petitioner claimed that he had not raised this issue on direct appeal because his appeal attorney had refused to raise the issue.
By pleading dated July 6, 1987, the petitioner filed a fourth petition challenging the same conviction. In this petition, which was filed in the Superior Court, Tolland Judicial District, and given Docket Number CV87 0 02 82, the petitioner alleged that his conviction was tainted by a trial irregularity. He asserted that he had been denied an in-court line up. As grounds for not having appealed this issue directly, the petitioner claimed that; "I told Attorney Bruckmann about this issue, but he did not claim it in my appeal. Instead he sent me a letter stating that they use the issues." Appendix E to the respondent's Motion for Summary Judgment, Petition for Writ of Habeas Corpus, dated July 6, 1987.
On January 13, 1989, after habeas Docket Numbers CV 87 0 01 49 and CV87 0 02 82 had been consolidated in the Superior Court, Tolland Judicial District, previously appointed counsel was permitted to withdraw after filing an Anders brief. On the same date, the petitioner agreed to the withdrawal of both actions, and they were dismissed with prejudice.
Thus, the conviction which underlies this habeas petition CT Page 234-U has already been the subject of four prior habeas petitions, consolidated into two actions. The effectiveness of appellate counsel was raised, albeit indirectly, in both actions.
In the petition presently before the court, the petitioner alleges that his confinement is unlawful on the basis of his assertion that he was denied the effective assistance of appellate counsel. Specifically, he alleges that Attorney Bruckman was ineffective for his failure to brief and to argue the issue of whether the trial court had improperly denied the petitioner his right to defend himself in the trial of his criminal case.
While the petitioner's prior petitions implicate the effectiveness of appellate counsel in regard to certain issues, this is the first petition in which the petitioner has raised the issue of appellate counsel's effectiveness as a distinct ground.
Practice Book 529P states: "At any time after the pleadings are closed, any party may move for summary judgment, which shall be rendered if the pleadings, affidavits and any other evidence submitted show that there is no genuine issue of material fact between the parties requiring a trial and the moving party is entitled to judgment as a matter of law." The "facts" which the respondent alleges by way of documentation accompanying his CT Page 234-V Motion are that the petitioner has filed four prior habeas petitions attacking the convictions which underlie the present petition, and that in those petitions, while the effectiveness of trial counsel has been stated as a grounds, the petitioner's allegations have implicated the effectiveness of appellate counsel. The respondent urges the court to adopt the view that since the underlying convictions have been the subject of successive petitions, the petitioner must aver sufficient facts in this petition to satisfy the "cause and prejudice" standard as that term is utilized in Johnson v. Commissioner, 218 Conn. 403
(1991). In Johnson, the Supreme Court adopted, for State habeas use, the more restrictive requirement that a habeas petitioner, who did not directly appeal an appealable issue from his criminal trial must demonstrate sufficient cause for not having appealed that issue and prejudice as a pre-condition to the ability of the habeas court to grant relief. The respondent urges this court to adopt a similar rule, that a petitioner who has filed successive writs must establish cause and prejudice for not having raised a present ground for relief in a prior habeas writ.
While the court agrees with the respondent that such a procedural requirement might serve to reduce the incidence of multiple habeas filings, it is the court's view that a habeas petition may be dismissed, or subject to judgment without the benefit of a hearing, only for those reasons established by CT Page 234-W decisional law, or in accordance with the rules of practice, with the further proviso that the rules of practice may not abridge the right of a petitioner, properly before the court, to be heard. Connecticut General Statute 52-470 provides that: "The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require." The Supreme Court has opined: "Both statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims." Mercer v.Commissioner, 230 Conn. 88 (1994). In Mercer, the court cited it's view expressed earlier in Negron v. Warden,180 Conn. 153, 158 (1980), that "whenever a court is `legally required' to hear a habeas petition, 52-470 (a) `delineate[s] the proper scope of [the] hearing. . . .' The statute explicitly directs the habeas court to `dispose of the case only after `hearing the testimony and arguments therein.'" Id. 93.
The respondent argues, however, that the court may find authority in the Practice Book for its entitlement to grant Summary Judgment where a petitioner has not alleged facts to establish cause and prejudice in a successive habeas petition. P.B. 529H delineates the criteria for dismissal of a habeas CT Page 234-X petition. The court may dismiss a petition, or any court thereof, if the court determines that "(1) the court lacks jurisdiction; (2) the petition, or a count thereof, fails to state a claim on which habeas corpus relief can be granted; (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition; (4) the claims asserted in the petition are moot or premature; (5) any other legally sufficient ground for dismissal of the petition exists."
The court finds that the grounds asserted in this petition, ineffectiveness of appellate counsel, were not previously asserted. While the efficacy of appellate counsel's representation was alluded to in prior petitions, and commented on by Judge Kaplan, it appears from a review of the documents that accompany the respondent's Motion for Summary Judgment that appellate counsel's performance was raised as a factual basis for the habeas court to determine that the petitioner had not deliberately bypassed his right to appeal, a predecessor requirement to the present cause and prejudice standard. Thus, the petition is not subject to dismissal on the basis that it raises the same ground as a prior petition.
The respondent, however, urges the court to find that the CT Page 234-Y failure to aver facts sufficient to meet the cause and prejudice standard, constitutes "(5)any other legally sufficient ground for dismissal of the petition. . ."
Given the fact that the right to judicial access through the habeas vehicle is constitutionally protected, and in light of the clear dictate of C.G.S. 52-470 to afford evidentiary hearings to habeas petitioners, the court believes that any court rule which interposes procedural obstacles to a habeas petitioner must be narrowly and carefully crafted so as not to encroach upon the right. Accordingly, the court declines to adopt a rule that a successive habeas petition must aver facts to demonstrate cause and prejudice for not having alleged the present grounds for relief in a prior habeas petition brought on the same underlying conviction.
As an alternate ground for his Motion for Summary Judgment, the respondent urges the court to adopt a requirement that a petitioner must demonstrate that he did not deliberately bypass his present claims in his previous petitions. However seductive this reasoning may be from the vantage point of docket control, neither statutory nor decisional law provide the court any legal basis for interposing this obstacle in the path of a habeas petitioner.
Finally, the respondent argues that judgment should be CT Page 234-Z entered for the respondent on the basis that the grounds he asserts are claimed barred. While there is language in Judge Kaplan's oral decision dismissing a prior consolidated petition concerning the conduct of appellate counsel, it has not been demonstrated to the court that the consolidated petition raised the ineffectiveness of appellate counsel as a discrete issue. The court is therefore not able to determine, on the basis of the information presented, that the habeas court has already adjudicated the issue of whether the petitioner was denied the effective assistance of appellate counsel in the underlying criminal proceedings.
For the reasons stated, the Motion for Summary Judgment is denied.
Bishop, J.