[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Petitioner Sherwood Wayne Warren ("Warren") filed an Amended Petition for a Writ of Habeas Corpus seeking (1) that his sentence should be vacated; (2) that the case should be remanded to the Trial Court for a new sentence hearing; or (3) such other relief that law, equity and/or justice requires.
Warren claims in his brief dated September 23, 1999 that his due process rights to a fair and impartial sentencing hearing were violated. Paragraph 14 of Warren's Amended Complaint alleges that the sentencing hearing was not fair. Paragraph 15 of the Amended Complaint claims that the Trial Court (Jonathan Kaplan, J.) had agreed to allow Warren the right to argue for a lesser sentence and imposed improperly (emphasis added) the full sentence. Warren further alleges that Judge Kaplan was biased towards Warren at the time of sentencing and discarded expert and lay testimony and evidence on behalf of the Petitioner. For the foregoing reasons Warren claims he did not get a fair hearing. CT Page 15293
The Return filed by the Warden denies the allegations of Paragraphs 14 through 18 which include those paragraphs claiming bias and an unfair hearing. In addition the Warden alleged by way of Special Defense:
"PROCEDURAL DEFAULT/ABUSE OF WRIT
 1. The Petitioner has procedurally defaulted this claim by failing to raise it on direct appeal from the aforementioned sentencing on January 23, 1997, hereby rendering habeas corpus relief unwarranted. The Petitioner filed a Preliminary Statement of Issues regarding an appeal and listed this as an issue, however, the Petitioner's appeal was dismissed on June 3, 1998 for failure of the then defendant-appellant to file a brief. (See attached Exhibit C). Additionally, the Chief Public Defender's Office was allowed to withdraw from the Petitioner's direct appeal after filing an Anders brief with the court, Sullivan, J. (See attached Exhibit D).
 2. The Petitioner has filed an Application for Sentence Review as provided in Connecticut General Statutes §§ 51-194 to 51-196. That application is still pending and the matter has not yet been heard, therefore, making this claim premature and rendering habeas corpus relief unwarranted."
On September 23, 1999 Warren asserted his claim for an evidentiary hearing in accordance with Mercer v. Commissioner,
230 Conn., 93-94 (1994). Warren asserted his right to a hearing. Id. at 93. Additionally Warren argued that he was entitled to a hearing because he would present evidence beyond the record for appellate review.
Warren introduced into evidence Exhibit 1 which was the Transcript of the canvass at the time. Warren entered his pleas to the numerous charges of Sexual Assault and Risk of Injury. At the time of the pleas of guilty the details involving all the incidents were recited to Warren for each charge. The Court stated at pages 29 and 30 of the maximum sentences he faced. Judge Kaplan then asked Warren if he had discussed the files with his attorney John McGrath and if he was fully satisfied with McGrath's advice. Judge Kaplan gave a thorough and complete canvass of Warren and determined that Warren knowingly and CT Page 15294 voluntarily entered his pleas. Judge Kaplan recited the plea bargain agreed to by the state and Warren for a recommendation of forty years suspended after twenty-five years, fifteen years probation. The court advised Warren that he had the right to argue for less.
At page 35 of Exhibit 1 the Court stated he did not want to mislead him and tell him it's likely that he was going to get a real short sentence. "That's not likely in this case."
The Court then on January 23, 1997 sentenced Warren to the agreed recommendation of an effective sentence on all charges to 40 years suspended after twenty-five years, probation fifteen years.
Attorney John McGrath ("McGrath""), counsel to Warren, had many pretrial conferences with the State Attorney's office to finally reach a plea bargain in this case. McGrath's objective was to get as little time as possible. McGrath's objective was to reach a bargain so that his client Warren would not die in jail.
McGrath testified that he set out to get letters and get a psychiatric evaluation and recommendation by an expert for treatment. (See Exhibit 4). None of the letters or the reports disclosed that Warren had a prior arrest and conviction for a sexual assault in 1982. That was disclosed in the Pre Sentence Investigation, Exhibit 3, that he was treated before as a sex offender. The PSI describes Warren at age forty-nine as "a sexual predator whose camouflage has always been that of the understanding adult reaching out to troubled youth. He has towards his end affiliated himself with Churches, homeless shelters and Big Brother organization." The PSI report concludes "For the protection of innocent children it is recommended that the court impose a significant term of incarceration."
McGrath testified that Judge Kaplan at the Pretrial discussion with him and the State Attorney recommended that the offer by the State be recommended to his client. Warren accepted the plea bargain. The Court (Kaplan, J.) stated that McGrath acted most professionally and ethically in his presentation of the other side of Warren. McGrath wanted to present Warren other than a sexual predator. McGrath testified he was able to present all the evidence he wanted to at the time of the sentencing. (Exhibit 2). McGrath testified he filed for sentence review for Warren after Judge Kaplan imposed the recommended sentence. CT Page 15295 McGrath testified he knew of the 1982 conviction.
The appeal of the sentence was handled by someone else in the Public Defender's Office, Suzanne Zitser. Attorney Zitser filed the appeal and Preliminary Statement of Issues. (See Exhibit 5).:
 "Pursuant to Practice Book §§ 4013(a)(1); the defendant-appellant states he presently intends to pursue the following issues on appeal:
 1. Whether the defendant's pleas were entered knowingly, intelligently and voluntarily?
 2. Whether the court erred in failing to make clear to the defendant the nature of the right to argue for lesser sentence?
 3. Such other errors as may become apparent upon a review of the transcripts in this case."
Prior to filing a brief with the Appellate Court Attorney Zitser moved to withdraw as a counsel (See Exhibit 8).
 "The right to appoint counsel is available only where there is a non-frivolous claim. Anders v. California, 386 U.S. 738, 744-45 (1967); State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408 (1971). Practice Book section 952. `If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw.' Anders v. California, supra, 397 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request `must', however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . . `Anders v. California, 
supra, 744-45. State v. Pasucci, supra, 385. The court then proceeds, after a full consideration of all the proceedings, to decide whether the case is wholly frivolous. Anders v. California, supra, 744-45; State v. Pasucci, supra, 386."
Judge Terence O'Sullivan in granting the motion, stated:
 "This court finds that the trial court conducted an extensive and carefully tailored canvasss of the defendant's pleas and substantially complied with all of the applicable CT Page 15296 requirement of statutes and the Practice Book. The court explained to the defendant the elements of the crimes to which he was pleading guilty, as well as the possible minimum and maximum penalties to which he was exposed. The court went over each of the facts alleged by the state and the defendant agreed with those facts. The defendant acknowledged the constitutional rights he was giving up by pleading guilty. He indicated that he had conferred with his attorney before pleading guilty to the charges and that he was fully satisfied with the advice and assistance given him by his attorney. He indicated that his pleas were being entered voluntarily and without any coercion.:
The Court (Sullivan, J.) concluded that after considering the entire record there are no non-frivolous appellate issues and granted the motion to withdraw.
On June 3, 1998 (Exhibit 6) the Appellate court dismissed the appeal.
Once again the petitioner seeks relief requesting a new hearing for his sentencing. The petitioner requested that this court listen to the tape, Exhibit 10, which was not heard before. The court heard the testimony of Attorney McGrath. Warren took the stand and was starting to testify when he was withdrawn as a witness. Contrary to the argument in the petitioner's request for the need of an evidentiary hearing there was not a scintilla of evidence to suggest that Warren did not get a fair hearing at his sentencing on January 23, 1997.
This court finds that even under the broad powers of a habeas corpus writ that the petitioner is not entitled to a new hearing for sentencing nor any other fashioned equity.
The respondent argues the petitioner must show a great miscarriage of justice or other prejudice. A collateral attack is not a vehicle by which the judge may for other reasons reduce a sentence. Commission of Corrections v. Gordon, 228 Conn. 384. "Such a claim should not be addressed in a Petition for Habeas and such a claim should not be properly addressed for the first time by a Petition for Habeas Corpus relief. Such claim should properly be raised first with the sentencing judge to correct any illegal sentence, Practice Book § 43-22, with Sentence Review Division of the Superior Court, Connecticut Statute §51-194 — 51-196, Practice Book § 43-30. This court strongly CT Page 15297disfavors collateral attacks upon judgments. (Emphasis added). See Commission of Corrections, 33 Conn. App. 449, 450 (1994).
Accordingly petition is dismissed.
Frank S. Meadow, Judge Trial Referee