[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#105)
The petitioner, Frank Tyson, seeks a writ of habeas corpus. The Amended Petition dated June 5, 2000 is in two counts. Count One asserts that the respondent-warden has incorrectly calculated the release date for the two concurrent sentences Tyson is presently serving. Count Two asserts that the respondent's release date calculations violates the plea bargain Tyson made with the state. Count One presents an issue of law. Count Two presents an issue of fact. The respondent has moved to dismiss the petition in toto asserting that the petitioner has, as a matter of law, failed to state a claim for relief. See Practice Book § 23-29(2) (judicial authority may dismiss the petition, or any count thereof, if it fails to state a claim upon which habeas relief can be granted.). For the reasons set forth below, the motion to dismiss Count One is granted and the motion to dismiss Count Two is denied.
Background
On July 24, 1998, the petitioner was sentenced on two cases. In docket CR 91-034069, the petitioner received a four year sentence for violation of probation. This offense arose out of a judgment entered on June 18, 1993 in which the petitioner received a sentence of fifteen years execution suspended after eight years with three years probation. After being discharged from the eight year portion of the sentence, the petitioner commenced probation. He was thereafter violated and the case was returned to court. As stated above, he was sentenced to four years imprisonment for violating his probation. In accordance with § 53a-37, the respondent combined the four years sentence with the earlier imposed eight year sentence to arrive at a sentence of twelve years. Since the date of offense on the charges in this case is June 20, 1991, the petitioner is entitled to earn statutory good time pursuant to §18-7a(c). The respondent has calculated the petitioner's release date on the four year violation of probation sentence as June 14, 2001.
In docket CR6-465768, the defendant received a sentence of three years and ten months for the charge of carrying a pistol without a permit in violation of § 29-35 ("the pistol charge"). At the time of sentencing, the Court (Damiani, J.) stated that the sentence on the pistol charge was to run concurrently with the sentence imposed in the violation of probation case for a total effective sentence of four years. The date of the offense on the pistol charge was March 18, 1998. Pursuant to General Statutes § 18-100d, the petitioner is not earning statutory good time on this sentence. The respondent has calculated the release date for the three year ten month sentence imposed on the pistol charge as January 15, 2002.
The respondent has determined that the date of January 15, 2002 is the proper release date for the concurrent sentences imposed by Judge Damiani CT Page 8260 on July 24, 1998. The petitioner claims that this calculation is 1) an illegal lengthening of the term of his incarceration and 2) an unconstitutional violation of the plea bargain he entered with the state.
Discussion
Count One
The motion to dismiss Count One turns on the construction of General Statutes § 53a-38 (b)(1). As pertinent here, that statute provides:
 "Where a person is under more than one definite sentence, the sentences shall be calculated as follows (1) If the sentences run concurrently, the terms merge in and are satisfied by the discharge of the term which has the longest term to run." (Emphasis added).
The petitioner advances two reasons why the motion to dismiss Count One should be denied. First, he asserts that a genuine issue of fact exists as to which sentence Judge Damiani intended to be the controlling sentence for purposes of calculating the petitioner's statutory good time and release date. Second, he claims that pursuant to Mercer v.Commissioner of Correction, 230 Conn. 88, 93 (1994), a presumption exists in favor conducting a hearing on habeas corpus claims.
The parties do not dispute that Judge Damiani imposed a four year sentence on the violation of probation charge and a three year ten month sentence on the pistol charge, and ordered the two sentences to run concurrently. This is not a case where there is a conflict between the sentence as reflected on the judgment mittimus and as articulated by the court at sentencing. Compare Commissioner of Correction v. Gordon,228 Conn. 384, 391 (unambiguous intention of sentencing court as expressed in its order, language and intent preempts conflicting wording of judgment mittimus). The issue therefore is not what the sentencing court's intention was but rather whether the respondent has properly calculated the discharge date for that sentence.
Our Appellate court discussed the procedure for calculating the release dates for concurrent sentences in Valle v. Commissioner of Correction,45 Conn. App. 566 (1997). In Valle, two four year sentences were imposed, one on a burglary charge and a concurrent four year sentence on the charge of violation of probation. Because the sentences were imposed one week apart an issue arose regarding the proper application of pretrial confinement time. CT Page 8261
The Appellate Court stated:
 "We agree with the habeas court that the respondent should have examined the pretrial confinement time under each docket . . . and then chosen as the effective release date the longer of the two sentences pursuant to § 53a-38.
Id., 570.
The Appellate Court's decision in Valle was later reversed by the Supreme Court. Valle v. Commssioner of Correction, 244 Conn. 634 (1998). The Supreme Court did not consider the merits of the appeal but ordered the dismissal of the petition because the petitioner had fled legal custody. Notwithstanding this procedural history, the reasoning of the Appellate Court applies to the present case as at least persuasive if not controlling authority. Based on that reasoning, the Commissioner of Corrections should apply § 53a-38 to concurrent sentences by separately calculating the release dates for each sentence and then selecting the latest date as the effective release date. In the present case, the respondent did just that. The petitioner's claim that the earlier date should be selected fails as a matter of law.
The motion to dismiss Count One is therefore granted.
Count Two
Count two alleges that the petitioner's plea agreement was induced by the promise that the four year sentence on the violation of probation charge would be the "controlling sentence" for purposes of calculating his good time and release date. Amended Petition Count Two paragraph 20. The respondent, in his Answer, denies this allegation.
As to these allegations, an issue of fact exists and the petitioner is entitled to a hearing on his claims. Mercer v. Commissioner ofCorrections, supra, 230 Conn. 93. Accordingly, the motion to dismiss Count Two is denied.
Conclusion
The motion to dismiss Count One of the Amended Petition is granted and the motion to dismiss Count Two is denied.
So Ordered at New Haven, Connecticut this 12th day of July, 2000.
Robert J. Devlin, Jr., Judge CT Page 8262