[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RESPONDENT'S MOTION TO DISMISS
This a habeas corpus matter wherein the petitioner, Tarus Kenney ("Kenney") asserts that he is being unlawfully confined due to ineffective assistance of counsel. The respondent has moved to dismiss the petition on two grounds: (1) that Kenney's legal claim was fully and fairly litigated on direct appeal; and (2) that Kenney fails to state a claim upon which habeas corpus relief may be granted. For the reasons set forth below, the motion to dismiss is denied.
 BACKGROUND
In his Amended Petition, Kenney alleges the following facts. At the time of his arrest on May 3, 1996, his arrest warrant was sealed. Later, on July 8, 1996, the trial court unsealed the arrest warrant as to Kenney's trial counsel only. Thereafter, on September 30, 1996, the trial court, Iannotti, J., conducted a hearing on Kenney's motion to unseal CT Page 15806 both the arrest and search warrants and the state's motion for a protective order to withhold disclosure of witnesses. After a hearing, the trial court ruled that the identity of witnesses and confidential informants did not have to be disclosed to defense counsel until thirty days before trial and to Kenney until at the time of trial.
On January 10, 1997, Kenney's counsel filed a request for speedy trial that was granted. On February 4, 1997, Kenney moved to discharge trial counsel and proceed pro se. Kenney was convicted after a jury trial and sentenced to 27 years and 10 months imprisonment.
The gist of Kenney's claim is that the sealing orders precluded any meaningful trial preparation because his lawyer was under a court order not to reveal the state's witnesses to him. Kenney asserts that these restrictions on his lawyer rendered counsel ineffective causing prejudice to Kenney.
 DISCUSSION
Consideration of the respondents motion to dismiss Kenney's petition starts with the premise that "[b]oth statute and case law evince a strong presumption that a petitioner for a writ of habeas corpus is entitled to present evidence in support of his claims." Mercer v. Commissioner ofCorrection, 230 Conn. 88, 93 (1994). This presumption is particularly applicable to a petitioner's initial claim for habeas corpus relief based on ineffective counsel. Id., 94.
The respondent's first claim is that Kenney, through this petition, is improperly seeking to relitigate a claim that was fully and fairly litigated on direct appeal. See Summerville v. Warden, 229 Conn. 397, 419
(1994) (habeas corpus not designed to relitigate an issue rejected in a direct appeal).
In ruling on his direct appeal, the Appellate Court stated Kenney's claim regarding the sealing orders as follows:
 "The defendant's final claims are that the trial court improperly prevented him from effectively preparing for trial and deprived him of his right to prepare and present a defense."
 State v. Kenney, 53 Conn. App. 305, 325 (1999). The Appellate Court then restated the factual and procedural history of the trial court's actions on the sealing issue. Id., 326-27. If then ruled that the "deficiencies" in trial preparation were "of the defendant's own making" by undertaking his own defense and pressing for a speedy trial. Id.,
CT Page 15807 327.
The Appellate Court did not consider whether Kenney's trial counsel was ineffective nor whether, if counsel was ineffective, it prejudiced Kenney. Indeed, it does not appear that this issue was even presented to the Appellate Court. Under Mercer, Kenney is entitled to present evidence on this issue.
The respondent's second claim is that Kenney has not presented a claim upon which relief may be granted. In this regard, the respondent asserts that by electing to represent himself, Kenney lost his right to effective assistance of counsel. See State v. Oliphant, 47 Conn. App. 271, 281
(1997), cert. denied, 244 Conn. 904 (1998) (when a defendant decides to proceed on his own he loses the right to effective assistance of counsel).
Kenney, however, asserts that the ineffective representation occurredprior to his decision to proceed pro se. Indeed, one may fairly infer from his Amended Petition, that an aspect of the "prejudice" he claims he incurred was being put in a position of either proceeding pro se or continuing to be represented by ineffective counsel.
Whether Kenney can prove any of these claims to the standard required for habeas corpus relief is, of course, another matter. He should, however, be given the opportunity to present his case. Given the nature of his claims, dismissal prior to an evidentiary hearing is inappropriate.
 CONCLUSION
For the reasons set froth above, the motion to dismiss is denied.
So Ordered, at New Haven, Connecticut this 20th day of December, 2000.
Devlin, J.