[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Clifford Pettway, commenced this matter by filing a petition for writ of habeas corpus dated August 15, 1997, alleging ineffective assistance of counsel. An amended petition was filed on April 27, 1998, and the respondent filed a return dated April 30, 1998. The case was tried before the court on January 4, 1999, and both sides filed briefs on January 19, 1999. CT Page 1023
The petitioner challenges the legitimacy of his conviction for the charges of robbery in the first degree and threatening.[1] The petitioner the defendant in a criminal case entitled State of Connecticut v. Clifford Pettway, Docket No. CR92-75705, in the Judicial District of Fairfield at Bridgeport. The petitioner pleaded not guilty and was convicted on June 23, 1993 after a jury trial. He was sentenced to a term of imprisonment of twenty years, execution suspended after thirteen years on the robbery charge, five years probation, and one year concurrent on the threatening charge, for a total effective sentence of twenty years, execution suspended after thirteen years, five years probation.
The petitioner is currently in the custody of the Commissioner of Corrections pursuant to his conviction and subsequent sentence of the aforementioned charges.
In the underlying criminal proceedings, the petitioner was represented, prior to trial, by Public Defender, Miles Gerety, and at trial by State Public Defender, David Abbamonte.
In his revised amended petition, the petitioner asserts that his attorneys failed to discuss the strength of the prosecution case against him, including the evidence available to the State. In addition, he alleges, inter alia, that his attorneys failed to advise the petitioner regarding the probable sentence he would receive if he lost after trial, and that his attorneys failed to perform a complete investigation of the facts of the case.
At the habeas trial, the petitioner claimed that his attorneys failed to call his employer as a witness. His employer, he claimed, would have provided an alibi to the effect that the petitioner was working at the time of the robbery. It is of note that the employer did not testify at the habeas trial. Attorney Gerety testified that his investigator had contacted the employer prior to trial, and that the employer would not have been helpful to the petitioner. The petitioner claims that he was not informed of the potential maximum jail sentence. On the contrary, Attorney Gerety testified that the petitioner was fully advised of the charges and potential jail term, and that the petitioner was urged to accept a jail term of seven years in a plea offer which was rejected by the petitioner. The petitioner was informed by Attorney Gerety that if he went to trial, he would probably get a maximum sentence of twenty-one years for the two charges. Attorney Gerety further testified that the petitioner, being on CT Page 1024 bond, often came to the public defender's office to discuss the case with Mr. Gerety. Although the petitioner submits that his defense was predicated on an alibi, he never presented any evidence to this court, through independent witnesses, to substantiate that claim.
The State's case was based primarily on the testimony of the victim who had initially identified the petitioner from a photo array. The petitioner was informed that the victim would testify at trial. Mr. Abbamonte testified that the victim, indeed, made a positive identification of the petitioner at trial. The victim positively identified the petitioner as the person who robbed her at gunpoint on March 10, 1992, and took jewelry and cash from her.
Pursuant to the sixth and fourteenth amendments of the Federal Constitution and Article first, § 8, of the Connecticut Constitution, a criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings.Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3572,82 L.Ed.2d 864 (1984).
In the Strickland case, the United States Supreme Court clarified the standard for determining whether a petitioner has been deprived of his or her constitutional rights to effective assistance of counsel. Pursuant to the Strickland guidelines, the petitioner must establish, by a preponderance of the evidence, that: (1) defense counsel's performance was not reasonably competent or within the range of competence expected of attorneys with ordinary training and skill in criminal law; and (2) but for counsel's substandard performance, there is a reasonable probability that the result of the proceeding would have been different. Levine v. Manson, 195 Conn. 636, 640 (1985). See alsoMercer v. Commissioner of Correction, 49 Conn. App. 819, 827,717 A.2d 763 (1998). A criminal defendant is not constitutionally entitled to error-free representation. Commissioner of Correctionv. Rodriguez, 222 Conn. 469, 478, 610 A.2d 631 (1992).
The petitioner, claiming ineffective assistance of counsel, must prove (1) that his attorney made errors so serious as to cease functioning as counsel; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal CT Page 1025 quotation marks omitted.) Hill v. Lockhart, 474 U.S. 52, 57,106 S.Ct. 366, 88 L. Ed 2d 203 (1985). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Johnson v. Commissioner ofCorrection, 222 Conn. 87, 92, 608 A.2d 667 (1992). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." (Internal quotation marks omitted.) Aillon v. Meachum,211 Conn. 352, 362, 559 A.2d 206 (1989); Fair v. Warden, 211 Conn. 398,411, 559 A.2d 1094 (1989).
It is for the habeas court, as the finder of fact, to determine the credibility and effect to be given the testimony.Siano v. Warden, 31 Conn. App. 94-95, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993).
The petitioner has not satisfied his burden of proof. The court cannot find that, assuming arguendo, there were counsel errors, that the result of the trial would have been different. The victim made a positive identification of the petitioner. It is clear that the jury believed the victim's testimony. The petitioner's claim that he had an alibi at the time of the robbery strains credulity. Certainly, there was no evidence, by way of independent witnesses, adduced during the habeas trial which supported this claim. The testimony of Attorneys Gerety and Abbamonte was directly to the contrary, and the court finds their testimony to be credible. The court finds that the petitioner was not prejudiced by any alleged errors of counsel. In view of the court's finding, it is not necessary for the court to consider the issue of counsel's performance.
For all of the foregoing reasons, the petition for habeas corpus relief is denied, and the petition is dismissed.
_________________ Eveleigh, J.