EUGENE MERCER *v.* COMMISSIONER OF
CORRECTION
(AC 17663)

Foti, Schaller and Sullivan, Js.

820

Argued May 26—officially released August 18, 1998

*Ryan Craig*, certified legal intern, with whom were *J. L. Pottenger, Jr.*, and, on the brief, *Jean E. Giles*, certified legal intern, for the appellant (petitioner).

*Jo Anne Sulik*, assistant state's attorney, for the appellee (respondent).

*Opinion*

FOTI, J. The petitioner appeals from the judgment of the habeas court dismissing his amended petition. The petitioner claims that the habeas court improperly found that (1) he failed to preserve his claim that he was denied due process as a result of an inherently prejudicial courtroom atmosphere and was therefore required to satisfy the *Wainwright* v. *Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), standard for review of his constitutional claim, (2) he was not denied the effective assistance of trial counsel and (3) he was not denied the effective assistance of appellate counsel.[1] We affirm the judgment of the habeas court.

---

[1] The petitioner also claims that the habeas court improperly found that he was not denied due process as a result of actual juror prejudice. The petitioner's briefing of this claim consists of one sentence that states: "[The petitioner] hereby preserves his claim that he was denied due process of

The following facts relevant to this appeal are recited in our Supreme Court's decision affirming the judgment of conviction. *State* v. *Mercer*, 208 Conn. 52, 544 A.2d 611 (1988). "On the morning of December 12, 1984, the victim parked her car in the parking lot of the building where she worked in Stamford. As she got out, the defendant, who had been standing nearby, pulled out a gun and said, 'Lady, I want the keys.' The victim began to walk away, and the defendant shot her in the head. When she collapsed, the defendant ran toward her, took her keys, jumped into her car and sped away. The victim subsequently died from the gunshot wound." Id., 54.

In 1989, the petitioner filed a petition for a writ of habeas corpus, claiming, inter alia, ineffective assistance of trial and appellate counsel in that each failed to challenge a hearing before the trial court "inquiring into the consequences of his suffering from AIDS." *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 92, 644 A.2d 340 (1994).[2] The habeas court dismissed the petition, and we affirmed the judgment of the habeas court. *Mercer* v. *Commissioner of Correction*, 31 Conn. App. 771, 626 A.2d 831 (1993). Our Supreme Court

law because of actual juror prejudice, and he incorporates [a portion of his habeas trial brief that was included in the appendix to his appellate brief]." "We are not required to review issues that have been improperly presented to this court through an inadequate brief. *Connecticut National Bank* v. *Giacomi*, 242 Conn. 17, 44–45, 699 A.2d 101 (1997). Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996)." (Internal quotation marks omitted.) *State* v. *Henderson*, 47 Conn. App. 542, 558, 706 A.2d 480, cert. denied, 244 Conn. 908, 713 A.2d 829 (1998). Accordingly, we decline to review this claim due to inadequate briefing.

[2] While in custody awaiting trial, the petitioner was informed that he was infected with HTLV-III, the virus associated with AIDS, and was suffering from AIDS related complex but had not developed the symptoms marking the onset of full-blown AIDS. *State* v. *Mercer*, supra, 208 Conn. 55. "On August 6, 1986, the trial court, sua sponte, ordered a hearing on the [petitioner's] medical condition. . . . The focus of the hearing was the risk of contagion to other persons, and in particular to the jurors, created by the [petitioner's] presence in the courtroom during trial." Id.

reversed the judgment and remanded the matter for further proceedings consisting of an evidentiary hearing on the petitioner's claims. *Mercer* v. *Commissioner of Correction*, supra, 230 Conn. 88.[3]

Thereafter, the petitioner amended his petition to raise four claims. The petitioner first claimed that his rights to due process and a fair trial were violated by an inherently prejudicial courtroom atmosphere. He then claimed that "[t]he injection of 'AIDS' into the courtroom, through communications to jurors and the courthouse atmosphere, actually prejudiced the trial jury and violated" his rights to due process and a fair trial.[4] The petitioner's third and fourth claims were the ineffective assistance of trial and appellate counsel.

The habeas court filed a seventy-two page memorandum of decision, detailing the evidence presented and its findings, stating, inter alia: "While evidence . . . that some of the jurors discussed the petitioner's medical condition tends to demonstrate that at least some of them had concerns related to the communicability of the petitioner's disease, [this] court will neither imply nor infer . . . that such concerns bore on the impartiality of the jury . . . ." The court also stated: "[I]t is [this] court's determination that the evidence against the petitioner was overwhelmingly strong, thereby reducing the risk that . . . external contacts may have influenced the jury's verdict." With respect to the hearing on the petitioner's medical condition, the court concluded that the petitioner failed to establish that he was prejudiced by the public revelation of his medical condition.

---

[3] The Supreme Court noted that the petitioner's direct appeal "did not contest, in any way, the validity of the initial hearing into the dangers posed by the petitioner's suffering from AIDS." *Mercer* v. *Commissioner*, supra, 230 Conn. 91.

[4] On direct appeal, our Supreme Court rejected the petitioner's claim that his constitutional right to a fair trial was violated by the trial court's disclosure to all prospective jurors that he had AIDS. *State* v. *Mercer*, supra, 208 Conn. 62.

"We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. . . . The habeas court judge, as trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citation omitted.) *Beasley* v. *Commissioner of Correction*, 47 Conn. App. 253, 262, 704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998).

I

The petitioner first claims that the habeas court improperly found that he failed to preserve his claim that he was denied due process as a result of an inherently prejudicial courtroom atmosphere and was therefore required to satisfy the standard enunciated in *Wainwright* v. *Sykes*, supra, 433 U.S. 72, for review of his constitutional claim.

At the habeas trial, the petitioner stated that his "inherent prejudice" claim was different from the claims raised and reviewed on direct appeal.[5] The habeas court accepted the petitioner's position that he was raising a claim different from that raised on direct appeal.[6]

"The appropriate standard for reviewability of a constitutional claim not raised before sentencing or on direct appeal is the *Wainwright* cause and prejudice

---

[5] During the habeas trial, the petitioner's counsel stated that "with regard to the inherent prejudice claim, it's a completely different claim from that raised on direct appeal . . . ."

[6] On numerous occasions, the habeas court's memorandum of decision points out that the petitioner failed to raise his due process claims, set forth in the first two counts of his amended petition, at trial or on direct appeal. On appeal, the petitioner claims that his "inherent prejudice claim is the same legal claim as that litigated on direct appeal, [however] he is not thereby barred by res judicata from bringing it on habeas." He also claims that although his "inherent prejudice claim . . . overlaps that litigated on direct appeal, it also differs substantially in size, scope and nature from what the Connecticut Supreme Court had before it back in 1988."

standard. *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 133–34, 136, 629 A.2d 413 (1993); *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 412–13, 589 A.2d 1214 (1991); *Bowers* v. *Commissioner of Correction*, [33 Conn. App. 449, 451, 636 A.2d 388, cert. denied, 228 Conn. 929, 640 A.2d 115 (1994)]. The petitioner must show good cause for his failure to preserve a claim at trial and actual prejudice resulting from the alleged constitutional violation. *Daniels* v. *Warden*, 28 Conn. App. 64, 71, 609 A.2d 1052, cert. denied, 223 Conn. 924, 614 A.2d 820 (1992). *Baez* v. *Commissioner of Correction*, 34 Conn. App. 236, [240], 641 A.2d 147, cert. denied, 231 Conn. 905, 906, 648 A.2d 149 (1994)." (Internal quotation marks omitted.) *Larkin* v. *Commissioner of Correction*, 45 Conn. App. 809, 813, 699 A.2d 207 (1997). Failing to recognize the factual or legal basis for a claim or failing to raise a claim despite recognizing it does not constitute cause for a procedural default. *Johnson* v. *Commissioner of Correction*, supra, 422.

We do not agree with the petitioner's argument that his inherent prejudice claim was reviewed on direct appeal, thereby preserving it for habeas review, and that he merely expanded the record before the habeas court. We also find no merit in the petitioner's claim that he has not defaulted on his inherent prejudice claim because no rule of practice mandates the raising of such a claim. We agree with the habeas court that "[i]f [it] accepted the petitioner's assertion that procedural default operates only when a trial defendant has violated a mandatory rule of procedure, then it would be wise for defendants, whose trials are running afoul, to forbear making claims or objections intended to right the trial process, knowing that they may thereby be precluded from review on direct appeal, in the expectation that their constitutional claims may be aired for the first time at a habeas trial, the timing of which is not prescribed by any statute of limitations. To make

habeas review available under such circumstances would not only demean the Great Writ but would render less meaningful trial court procedural rules intended to enhance the orderliness of trial proceedings, to safeguard the fairness of the process and to provide a framework for appellate review."

We also do not accept as valid the petitioner's claim that he did not default his inherent prejudice claim because the trial court "failed in its responsibility to assist or protect him." Under the circumstances as they existed, we cannot conclude that the habeas court's finding of procedural defaults was improper.[7]

Because we conclude that the habeas court properly determined that the petitioner defaulted his inherent prejudice claim, we also must conclude that the court properly required the petitioner to demonstrate cause for the default and prejudice arising therefrom.

The habeas court, in addressing the petitioner's failure to demonstrate cause for the default, determined

---

[7] The habeas court found the following procedural defaults: "With respect to the presence of four or more sheriffs in the courtroom wearing latex gloves, counsel had the opportunity to observe these circumstances and to ask the court, in its supervisory capacity, to take remedial action. Similarly, with respect to pretrial publicity, it is clear from a review of the newspaper articles presented at the habeas hearing, that the state's attorney, defense counsel and the petitioner all spoke to the press. Should [petitioner's attorney] have wished a change of venue, Practice Book §§ 809 and 835, the applicable rules then in effect, set forth the required procedure. Also, counsel had the opportunity, pursuant to Practice Book § 887, to move, at any time during the trial, for a mistrial for an occurrence or conduct inside or outside the courtroom which counsel believed may have resulted in substantial and irreparable prejudice to the petitioner. Thus, upon learning that a stick figure had been drawn on the jury room blackboard, counsel could have asked the court to conduct a voir dire examination of the jury, and could have sought a mistrial based on a claim of irreparable prejudice to the petitioner. Counsel had the right, too, pursuant to Practice Book § 894, to seek an order from the court to both counsel and any witnesses prohibiting any extra-judicial statements concerning the proceedings, and counsel had the right, pursuant to Practice Book § 895, to request that the August 6, 1985 medical hearing be closed to the public. Finally, counsel had the right, pursuant to Practice Book § 902, to move for a new trial."

that several of the due process violations alleged by the petitioner were known to counsel at the time of trial and should have been addressed in accordance with the applicable rules of procedure. Moreover, the petitioner does not claim that there was no legal basis for making his inherent prejudice claim at the time of trial'so as to satisfy the requirement to demonstrate "cause." See *Johnson* v. *Commissioner of Correction*, supra, 218 Conn. 420. The petitioner, therefore, has failed to demonstrate good cause for his failure to preserve his inherent prejudice claim at trial or on direct appeal.

While the petitioner does not claim that he suffered actual prejudice as a result of an inherently prejudicial courtroom atmosphere, he does claim that he need not establish actual prejudice if he can establish that there has been an "inherent deprivation of due process" and, he claims further, the evidence of guilt presented by the state is not relevant to such a determination. We do not agree. We conclude, therefore, that the habeas court properly determined that the petitioner is not entitled to habeas review of the merits of his inherent prejudice claim.[8]

## II

The petitioner next claims that the habeas court improperly found that he was not denied the effective assistance of trial counsel by his trial attorney's failure (1) to seek to close a medical hearing to the public, (2) to seek to direct sheriffs not to wear latex gloves in

---

[8] Although the habeas court concluded that the petitioner had procedurally defaulted the claims set forth in counts one and two of his amended petition, and had not cured his procedural default through a showing of cause and prejudice, it nevertheless chose to review the petitioner's claims of "jury impropriety and external communications to the jury because of their constitutional magnitude." The habeas court concluded that "[t]he abundance of evidence pointing to the petitioner's guilt negates the presumption that these [improprieties] may have affected [the jury's verdict]."

the courtroom, (3) to request proper jury instruction on circumstantial evidence and (4) to seek relief after receiving information that a stick figure had been drawn on the jury room blackboard.

The standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice. *Phillips* v. *Warden*, 220 Conn. 112, 132, 595 A.2d 1356 (1991). Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* v. *Washington*, [supra, 694]. In this context, a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case. Id., 693. Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in the outcome. Id., 694." (Internal quotation marks omitted.) *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445–46, 610 A.2d 598 (1992).

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland* v. *Washington*, supra, 466 U.S. 691. "Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense. It is not enough for the defendant to show

that the errors had some conceivable effect on the outcome of the proceeding." Id., 693. Rather, the defendant must show that there is a "reasonable probability" that the errors affected the outcome of the proceeding. Id., 694.

A habeas court "hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. . . . [A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." Id., 695–96.

In the present case, the habeas court found trial counsel's performance deficient in each of the four claimed areas.[9] It concluded, however, that the second prong of *Strickland* had not been met.

The petitioner argues that any extrinsic communication or contact with a juror is presumptively prejudicial. He argues that trial counsel should have moved for a mistrial after receiving information that jurors had been exposed to extrinsic communications regarding the petitioner's medical condition. In the alternative, he argues that trial counsel should have requested the court to conduct a hearing to determine whether jurors were influenced or prejudiced by the communications. Further, the petitioner claims that the habeas court improperly failed to make the required finding of

---

[9] The state argues that although the habeas court made a determination that trial counsel committed errors of "professional magnitude," these acts or omissions do not constitute deficient performance.

whether any jurors were actually prejudiced. We do not agree that the habeas court improperly concluded that the petitioner was not prejudiced by his counsel's deficient performance.

The habeas court found, and we agree, that "the trial evidence of the petitioner's guilt was overwhelming." We also note that none of trial counsel's acts or omissions affect the state's evidence of guilt. We must conclude, therefore, that the habeas court properly determined that the petitioner did not sustain his burden of showing that there is a reasonable probability that the decision reached would have been different absent trial counsel's deficient performance. Because the petitioner has failed to establish that he was actually prejudiced by his counsel's deficient performance, we cannot conclude that he is burdened by an unreliable conviction.

### III

The petitioner finally claims that the habeas court improperly found that he was not denied the effective assistance of appellate counsel as a result of his attorney's failure to raise on appeal the petitioner's absence from a medical hearing.[10]

On August 6, 1985, a hearing on the petitioner's medical condition was conducted in the absence of the petitioner. This hearing was conducted over objection from the petitioner's trial counsel. The petitioner's appellate counsel did not challenge the petitioner's absence from the medical hearing on direct appeal.

The habeas court decided the petitioner's claim that he was denied the effective assistance of appellate

---

[10] Appellate counsel's failure to raise as a distinct issue on appeal the constitutionality of the trial court's sua sponte decision to conduct a hearing on the petitioner's medical condition is not before us on appeal.

counsel under the second prong of *Strickland*.[11] The habeas court concluded that "the court does not find any likelihood that reasonable men and women, serving as jurors in the [petitioner's] trial, would have come to a different conclusion regarding the petitioner's guilt assuming that there had been no mention of AIDS to any of them at any time relevant to the proceedings." It follows, therefore, that the hearing on the petitioner's medical condition had no effect on the outcome of the petitioner's trial. We conclude that the petitioner has failed to sustain his burden of showing that his absence from the hearing, and appellate counsel's failure to challenge that absence, resulted in actual prejudice.[12]

The trial and the appeal following a judgment of conviction are not separate and distinct proceedings but are part of the continuum of the process of adjudication. *Bunkley* v. *Commissioner of Correction*, supra, 222 Conn. 459. "[T]he trial seeks to determine whether the state has proven the defendant guilty beyond a reasonable doubt. The appeal seeks to determine whether, in the process of that adjudication, the trial judge committed error which requires either a new trial or a judgment of acquittal. *State* v. *Cosby*, 6 Conn. App. 164, 173–74, 504 A.2d 1071 (1986)." (Internal quotation marks omitted.) *Bunkley* v. *Commissioner of Correction*, supra, 459. The petitioner has not demonstrated that appellate

[11] "In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish *both* (1) deficient performance, and (2) *actual prejudice*." (Emphasis added; internal quotation marks omitted.) *Taft* v. *Commissioner of Correction*, 47 Conn. App. 499, 503, 703 A.2d 1184 (1998).

[12] The petitioner claims that his absence during a "critical stage" of the trial deprived him of his constitutional right to confront the witnesses against him as guaranteed by the sixth amendment to the United States constitution. The petitioner, however, cannot demonstrate that (1) witnesses adverse to the petitioner testified at the hearing, (2) issues concerning the petitioner's guilt or innocence were discussed, (3) evidence relating to the charge was presented, or (4) his absence somehow interfered with his right to present a defense.

counsel failed to raise an issue that, had it been raised, would have resulted in a new trial. Nor has he demonstrated that the failure undermined the reliability of the conviction.

The judgment is affirmed.

In this opinion the other judges concurred.