[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, by counsel, has filed an amended petition for a writ of habeas corpus. The petition is based on a claim of ineffective assistance of counsel.
The petitioner was the defendant in at least five separate dockets in the Superior Court for the Judicial District of Stamford/Norwalk at Stamford, and was represented by Attorney David Marantz. On November 25, 1997, the petitioner entered guilty pleas and was found guilty of two counts of possession of narcotics in violation of Conn. Gen. Stat. §21a-279; assault on a police officer in violation of C.G.S. § 53a-167c; threatening in violation of C.G.S. § 53a-62; violation of probation on a case where he owed five years; conspiracy to commit robbery third degree in violation of C.G.S. § 53a-136; and criminal attempt to commit assault third degree in violation of 53a-61. The pleas were entered based on an agreed recommendation of a maximum sentence of eight years incarceration with a right to argue for less at the time of sentencing.
On March 20, 1998 the court (Bingham, J) sentenced the petitioner to a total effective sentence of eight years suspended after six years and three years probation with various conditions of probation. The petitioner is presently serving this sentence.
The petitioner claims that he was denied the effective assistance of trial counsel at the time of his pleas and sentencing, in violation of his federal and state constitutional rights, in that his trial counsel:
allowed petitioner to believe that petitioner would CT Page 10107 receive drug treatment, not incarceration, in exchange for his guilty pleas.
The petitioner further alleges that if it were not for the ineffective assistance of counsel that there is a reasonable probability that the petitioner would not have entered into the plea agreement, and would have exercised his right to trial.
In order for the petitioner to prevail he must demonstrate, first, that his counsel was ineffective in the manner alleged, and if such ineffective assistance of counsel is proven, that there was such an interrelationship between the ineffective assistance and the pleas that it can be said that the pleas were not voluntarily and intelligently made because of the ineffective assistance. See Dukes v. Warden, 161 Conn. 337,344 (1971). A petitioner who makes a constitutional claim of ineffective assistance of counsel will succeed only if he demonstrates both deficient performance and actual prejudice. See Strickland v. Washington, 466 U.S. 668
(1984); Mercer v. Commissioner of Correction, 49 Conn. App. 819, 827
(1998).
This court conducted an evidentiary hearing on this matter on August 10, 2000, at which time the petitioner and his former attorney, Mr. Marantz, testified. The court also received in evidence various exhibits, including transcripts of the proceedings when the pleas were entered and when the petitioner was sentenced. The court heard or saw no evidence, including the petitioner's own testimony, which supports the claim that Mr. Marantz was ineffective in the manner alleged. The petitioner and Mr. Marantz both testified, in substance, that the petitioner was told by Mr. Marantz that at the time of sentencing he would argue for less than the maximum sentence of eight years, but that the petitioner was exposed to up to eight years incarceration. The petitioner testified that his attorney did not guarantee that he would receive drug treatment with no incarceration, and that he knew the judge could sentence him to incarceration of up to eight years. The petitioner has failed to prove that his counsel was ineffective.
For the reasons set forth above, the amended petition for a writ of habeas corpus is denied.
William L. Hadden, Jr., Judge Trial Referee.