## KEITH BARILE *v.* COMMISSIONER OF CORRECTION (AC 23511)

Schaller, Dranginis and DiPentima, Js.

Submitted on briefs November 21, 2003—officially released January 6, 2004

*Arnold V. Amore,* special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Toni M. Smith-Rosario*, assistant state's attorney, and *Angela R. Macchiarulo*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Keith Barile, appeals from the judgment of the habeas court, dismissing his petition for a writ of habeas corpus in which he had alleged that he was denied the effective assistance of counsel. The court granted his petition for certification to appeal. Because the petitioner is in procedural default, having failed to raise his constitutional claim at trial or on direct appeal, we affirm the judgment of the habeas court.

The following facts are relevant to the petitioner's appeal. Very early in the morning of October 28, 1998, the petitioner attempted to rob a restaurant in Vernon, which resulted in a number of serious charges being lodged against him in addition to violation of probation. The eyewitnesses and victims gave statements to the police, and the petitioner's disguise was found in the motor vehicle he was operating. The court concluded that the state's case against the petitioner was strong. His counsel had negotiated a plea agreement under which the petitioner would receive a total effective sentence of twenty-five years incarceration, execution suspended after twenty-one years, with five years of probation and the right to argue for less at sentencing. On March 30, 1999, pursuant to a plea bargain agreement, the petitioner pleaded guilty to one count of robbery in the first degree, one count of assault in the second degree, six counts of kidnapping in the first degree with a firearm and one count of operating a motor vehicle while his license was under suspension.[1]

---

[1] The petitioner's counsel previously had secured an offer from the state reducing the charge of kidnapping in the first degree with a firearm to one count of unlawful restraint. The sentence proposed under a plea agreement at that time was twenty years incarceration, suspended after twelve years.

After receiving a presentence investigation and alternative sentencing report, the trial court sentenced the petitioner to twenty-five years incarceration, execution suspended after eighteen years, with five years of probation. The petitioner also was sentenced to twelve years of incarceration for violation of probation relative to six other convictions, which was a concurrent sentence.

The petitioner sought habeas corpus relief, alleging that his guilty plea was not made knowingly, intelligently and voluntarily because he was denied the effective assistance of counsel due to counsel's failure to obtain copies of the victims' statements for him to read.[2] In response, the respondent commissioner of correction alleged that the petitioner was not eligible for habeas corpus relief because he did not raise his claim at sentencing or subsequently pursuant to Practice Book § 43-22 or on direct appeal. The respondent also alleged that the petitioner was unable to establish cause for the procedural default or prejudice to excuse the default, citing *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 629 A.2d 413 (1993) (default on appeal), and *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 589 A.2d 1214 (1991) (default at trial).[3] We agree with the respondent.

The petitioner has challenged his sentence for the first time in his amended habeas petition. He did not file a direct appeal and did not file a motion to correct his sentence pursuant to Practice Book § 43-22. The petitioner could have filed such a motion at any time,

The petitioner rejected that offer. Counsel also filed a motion for suspension of prosecution or a suspended sentence and drug treatment due to the petitioner's drug dependency, but the motion was denied.

[2] The statements were in the open files in the office of the state's attorney. Counsel was not permitted make copies of the statements, but took copious notes of their contents, which she discussed with the petitioner.

[3] The respondent also denied that the petitioner had received ineffective assistance of counsel. The court did not address the procedural default, but addressed the merits of the petition.

including the present. See *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 39, 779 A.2d 80 (2001). Furthermore, the record does not reveal that the petitioner ever filed a motion to withdraw his guilty plea or to challenge his sentence.

"Because the petitioner has failed to follow the proper procedures by which to correct his sentence or to preserve his challenge to the sentence before having filed this petition for a writ of habeas corpus, his petition is procedurally defaulted and, therefore, we will review the petitioner's claims before us only if he can satisfy the cause and prejudice standard of *Wainwright* v. *Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)." (Internal quotation marks omitted.) *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 39–40. "Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition." Id., 40. The petitioner here has failed to demonstrate either good cause for failure to raise the claim in the trial court or that he was prejudiced by the claimed impropriety. We therefore will not review his claim.

The judgment is affirmed.