## OMAR ZABIAN *v.* COMMISSIONER OF CORRECTION
### (AC 29076)

McLachlan, Robinson and Hennessy, Js.

Argued January 9—officially released June 16, 2009

*Kenneth Paul Fox,* special public defender, for the appellant (petitioner).

*Erika L. Brookman,* special deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,*

state's attorney, *Michael E. O'Hare*, supervisory assistant state's attorney, and *Vicki Melchiorre*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ROBINSON, J. The petitioner, Omar Zabian, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly refused to order specific performance of the terms of his plea agreement. Specifically, he alleges that he has not been credited with the proper amount of jail credit toward his sentence. We affirm the judgment of the habeas court.

The following facts and procedural history provide the necessary backdrop to the disposition of the petitioner's appeal. On February 25, 2003, the petitioner was arrested on two separate files[1] and failed to post bond. He has been held in custody by the respondent, the commissioner of correction, since that date. Between February 25 and May 13, 2003, the petitioner was arrested, arraigned and held in lieu of bond on eighteen additional files. He was charged with numerous counts of larceny in the first degree in violation of General Statutes § 53a-122 (a) (2), larceny in the second degree in violation of General Statutes § 53a-123 (a) (2) and larceny in the third degree in violation of General Statutes § 53a-124 (a) (2).[2] The petitioner pleaded guilty

[1] The petitioner's brief claims that he initially was arrested on these files on February 23, 2003. The reason for the discrepancy is unclear.

[2] General Statutes § 53a-122 (a) provides in relevant part: "A person is guilty of larceny in the first degree when he commits larceny, as defined in section 53a-119, and . . . (2) the value of the property or service exceeds ten thousand dollars . . . ."

General Statutes § 53a-123 (a) provides in relevant part: "A person is guilty of larceny in the second degree when he commits larceny, as defined in section 53a-119, and . . . (2) the value of the property or service exceeds five thousand dollars . . . ."

General Statutes § 53a-124 (a) provides in relevant part: "A person is guilty of larceny in the third degree when he commits larceny, as defined in section 53a-119, and . . . (2) the value of the property or service exceeds one thousand dollars . . . ."

under all twenty files on May 17, 2004, pursuant to a plea agreement. On August 4, 2004, he was sentenced to a total effective term of sixteen years incarceration, execution suspended after eight years, and five years probation. After the petitioner had pleaded guilty to each of the charges individually, but just prior to his total effective sentence being imposed, the following colloquy took place between the petitioner's counsel, the prosecutor and the court:

"[The Petitioner's Counsel]: Judge, just one more issue?

"The Court: Sure.

"[The Petitioner's Counsel]: I think it's just [duplicative], but I'd rather put it on the record, that [the petitioner] has been incarcerated on this matter since February 25, 2003, and, obviously, we would request that credit for time served be credited toward his disposition.

"The Court: I take it you have no objection? There's nothing else holding the [petitioner], was there?

"[The Prosecutor]: Not that I'm—oh, I'm sorry—he has a hold out of Massachusetts, but nothing else in Connecticut.

"The Court: To the extent that he's doing pretrial time on these files only, he's entitled to that credit. If there's any problem with it, [petitioner's counsel], let me know.

"[The Petitioner's Counsel]: Thank you, Your Honor.

"[The Prosecutor]: Thank you, Your Honor.

"The Court: Total effective sentence is sixteen years, execution suspended after eight years, five years probation, terms and conditions as indicated. Again, waive fees and costs.

"[The Prosecutor]: Thank you very much, Your Honor.

"[The Petitioner's Counsel]: Thank you, Judge."

The petitioner received varying amounts of jail credit on each file, ranging from 448 days to 526 days. He filed a motion to revise his sentence to be consistent with the plea agreement on November 4, 2005, which was denied on December 8, 2005, without a hearing. He filed a motion to reconsider the denial on June 23, 2006. That motion was denied without a hearing on August 24, 2006. The petitioner then filed a habeas petition seeking enforcement of the terms of his plea agreement on January 30, 2006, and an amended petition on December 15, 2006. His amended petition claimed that his trial counsel had informed him that his plea agreement would include credit for all of the time he was held in presentence custody and that this had been agreed upon by counsel, the prosecutor and the court but that his presentence confinement credit beginning on February 25, 2003, was not being applied to all of his files.

The respondent filed a return on March 6, 2007, in which she raised the affirmative defense of procedural default, and the petitioner filed a reply on March 6, 2007. The habeas proceeding was held on April 4 and 9, 2007, and the court issued its memorandum of decision on May 14, 2007, denying the petition. The court first concluded that the petitioner was not raising any direct challenge to the legality of his sentence and expressly found that the doctrines of collateral estoppel and res judicata did not apply and that the petitioner was not procedurally defaulted. The court further found that "there [was] enough for [the] court to conclude that there was an agreement that the petitioner was to receive jail credit back to February 25, 2003, on all of the files to which he entered his plea of guilty. Since

he did not get the credit as he believed he would, then the plea bargain is not being fulfilled, and the petitioner is being deprived of the benefit of his bargain." The court concluded, however, that it could not order specific performance of the plea agreement because to do so would be to order the department of correction to commit an illegal act, or at least an act that is contrary to the statutes enacted by the legislature.

The petitioner filed a motion to reconsider on May 23, 2007, which was denied on May 30, 2007. He filed a petition for certification to appeal on June 8, 2007, which was granted on June 12, 2007, and this appeal was filed on August 9, 2007.

On appeal, the petitioner claims that the court incorrectly concluded that it could not order specific performance of the terms of the plea agreement as the petitioner understood them to be. Specifically, the petitioner contends that because his sentence did not accurately reflect the plea agreement, the court had the authority to direct the sentencing court to resentence him in conformity with the terms of the agreement. The respondent argues that the court correctly denied the petitioner relief but did so for the wrong reason. She agrees with the petitioner that the habeas court had the authority to direct the trial court to resentence him in accordance with the plea agreement but asserts that the court's decision should be upheld because (1) the petitioner's claim is barred by res judicata or procedural default and (2) the petitioner failed to show a violation of his right to due process under the standard set forth in *Santobello* v. *New York,* 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).[3]

---

[3] *Santobello* emphasized that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello* v. *New York,* supra, 404 U.S. 262.

We first address whether the petitioner's claim is barred by procedural default, as the issue is dispositive of this appeal. The respondent claims that because the petitioner did not appeal from the trial court's denial of his motion to revise his sentence, he is procedurally defaulted. The habeas court expressly found that the petitioner was not procedurally defaulted because "the challenge in this case does not amount to a claim of an illegal sentence," and, therefore, he was not required to appeal from the denial of his motion to this court before filing a habeas petition. We disagree with the habeas court and conclude that the petitioner is procedurally defaulted.

The habeas court's conclusion that the petitioner's sentencing claim was not in procedural default involves a question of law. Our review is therefore plenary. See *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008).

In his reply brief, the petitioner contends that he is not procedurally defaulted because he is not required to appeal from the denial of his motion to revise his sentence before he can pursue his habeas claim and because the purpose of a motion to correct an illegal sentence pursuant to Practice Book § 43-22 can be accomplished without requiring a direct appeal when such a motion is denied.

The respondent, in her appellate brief, characterizes the petitioner's motion to revise his sentence as a motion to correct an illegal sentence and argues that, therefore, *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 779 A.2d 80 (2001), applies to bar the petitioner's claim. The petitioner did not allege, in his motion or elsewhere, that his sentence was illegal and instead titled his motion a "Motion to Revise the [Petitioner's] Sentence to be Consistent with Plea Agreement." Although the petitioner does not specifically argue that

his sentence is illegal and merely argues that it should be revised to be consistent with the plea agreement, we must acknowledge the governing principle that "[i]t is the substance of a motion . . . that governs its outcome, rather than how it is characterized in the title given to it by the movant." (Internal quotation marks omitted.) *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 320 n.7, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006).

His motion states in relevant part: "The [petitioner] and the state negotiated and reached an agreement for a disposition on all dockets. The [petitioner] pleaded guilty to the charges . . . on May 17, 2004. . . . At the [petitioner's] sentencing hearing on August 4, 2004, on two separate occasions and at the specific request of the [petitioner], counsel for the [petitioner] requested that the [petitioner] be given jail credit for time served retroactive from February 25, 2003, the date he was originally brought in on. . . . The [petitioner], and his counsel understood that the full credit to February 25, 2003 would be given on all dockets to which the plea agreement related. . . . The transcript of that portion of the sentencing hearing supports the [petitioner's] position that he is entitled to an extra seventy-nine (79) days of time served on [all] dockets. . . . Wherefore, the [petitioner] respectfully requests that the sentence on the . . . referenced dockets be revised in order that his sentence should run concurrent on all dockets and conclude simultaneously, as was the intention of the [petitioner] and the court." The petitioner sought to have his sentence revised to be in accordance with the plea agreement, which in substance is a claim that his current sentence is illegal because it is not in accordance with the plea agreement. We conclude, therefore, that *Cobham* is applicable and bars the petitioner's claim.

*Cobham* makes clear that a *Santobello* claim must first be raised by either a motion to correct an illegal sentence pursuant to Practice Book § 43-22 or on direct appeal. *Cobham* v. *Commissioner of Correction,* supra, 258 Conn. 38. In *Cobham,* the petitioner entered written pleas of nolo contendere and was sentenced by the trial court; three years later, the issue of whether the department of correction properly understood the petitioner's sentence was brought to the attention of the trial court. After the court clarified its position, the petitioner filed an amended petition for a writ of habeas corpus, claiming that he was incarcerated in accordance with an illegal sentence because the judgment mittimus ordered him to serve consecutively two minimum mandatory sentences. Id., 34–35. The Supreme Court, noting that Practice Book § 43-22 provided the trial court with the authority to take action to correct an illegal sentence, concluded that the habeas proceeding is not the appropriate vehicle by which to challenge the legality of a sentence. *Cobham* v. *Commissioner of Correction,* supra, 38. The court stated: "We therefore conclude that, in order to challenge an illegal sentence, a defendant either must appeal the sentence directly or file a motion to correct the sentence pursuant to Practice Book § 43-22 with the trial court before raising a challenge for the first time in a petition for a writ of habeas corpus." *Cobham* v. *Commissioner of Correction,* supra, 39.

Unlike the petitioner in *Cobham,* the petitioner in this case did file what is in substance a motion to correct an illegal sentence. He failed to continue on his chosen avenue of contesting his sentence all the way to completion; he did not file an appeal from the denial of his motion and is therefore procedurally defaulted. The petitioner could have continued to pursue the denial of his motion by filing an appeal with this court. See,

e.g., *State* v. *Casiano*, 282 Conn. 614, 618, 922 A.2d 1065 (2007).

Because the petitioner has failed to follow the proper procedures by which to preserve his challenge to the sentence before having filed this petition for a writ of habeas corpus, his petition is procedurally defaulted, and, therefore, we will review the petitioner's claim only if he can satisfy the cause and prejudice standard of *Wainwright* v. *Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). See *Barile* v. *Commissioner of Correction*, 80 Conn. App. 787, 790, 837 A.2d 827, cert. denied, 268 Conn. 915, 847 A.2d 310 (2004). "Generally, [t]he appropriate standard for reviewability of habeas claims that were not properly raised at trial . . . or on direct appeal . . . because of a procedural default is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . ." (Internal quotation marks omitted.) *Caban* v. *Commissioner of Correction*, 113 Conn. App. 165, 172–73, 965 A.2d 601, cert. denied, 292 Conn. 901, 971 A.2d 40 (2009). Once the respondent has raised the defense of procedural default in the return, the burden is on the petitioner to prove cause and prejudice. See, e.g., *Council* v. *Commissioner of Correction*, 286 Conn. 477, 489, 944 A.2d 340 (2008). "Because [c]ause and prejudice must be established conjunctively, we may dispose of this claim if the petitioner fails to meet either prong." (Internal quotation marks omitted.) *Thorpe* v. *Commissioner of Correction*, 73 Conn. App. 773, 780, 809 A.2d 1126 (2002).

The petitioner has failed to establish good cause for his failure to appeal from the denial of the motion to

revise his sentence. He argues that such an appeal was unnecessary because an appeal from a denial of a motion under Practice Book § 43-22 is not definitively mandated and because the purpose for which such a motion is required can be accomplished without having to appeal from its denial. "Failing to recognize the factual or legal basis for a claim or failing to raise a claim despite recognizing it does not constitute cause for a procedural default." *Mercer* v. *Commissioner of Correction*, 49 Conn. App. 819, 824, 717 A.2d 763, cert. denied, 247 Conn. 920, 722 A.2d 810 (1998).

A review of the record of the habeas proceeding reveals that the petitioner failed to provide evidence of cause and prejudice for his failure to raise his claim through an appeal from the denial of his motion to correct an illegal sentence or by direct appeal. He therefore has failed to carry his burden of showing good cause and prejudice and is not entitled to review of the merits of his claim. See, e.g., *Fernandez* v. *Commissioner of Correction*, 96 Conn. App. 251, 267, 900 A.2d 54, cert. denied, 280 Conn. 908, 907 A.2d 89 (2006).

The judgment is affirmed.

In this opinion the other judges concurred.