GEREMIA CHAPARRO *v.* COMMISSIONER
OF CORRECTION
(AC 30256)

Harper, Lavine and Pellegrino, Js.

Argued December 1, 2009—officially released March 23, 2010

*Gennaro Bizzarro*, special public defender, for the appellant (petitioner).

*Michael Proto,* assistant state's attorney, with whom, on the brief, was *Kevin T. Kane,* chief state's attorney, for the appellee (respondent).

PELLEGRINO, J. The petitioner, Geremia Chaparro, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly refused to order that the terms of his plea agreement be enforced. Specifically, he alleges that the proper amount of jail credit had not been applied toward his sentence and that the court improperly found that his claim was barred by res judicata and procedural default. We affirm the judgment of the habeas court.

The following facts and procedural history provide the necessary backdrop to the disposition of the petitioner's appeal. On December 5, 2005, the petitioner was arrested and charged with one count of possession of narcotics in violation of General Statutes § 21a-279 (a) and two counts of sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). The petitioner did not post bond and was confined to the custody of the department of correction (department). On January 25, 2006, while the petitioner was confined, he was subsequently arrested and charged with larceny in the second degree in violation of General Statutes § 53a-123, criminal impersonation in violation of General Statutes § 53a-130 and forgery in the first degree in violation of General Statutes § 53a-138. That arrest related back to an incident on March 4, 2005, in which the petitioner cashed his father's federal income tax return check without authorization.

On July 11, 2006, pursuant to a plea agreement, the petitioner pleaded guilty to the aforementioned charges. The petitioner also pleaded guilty to having violated his probation in violation of General Statutes

§ 53a-32. The court, *Shluger, J.*, terminated the petitioner's probation and imposed a sentence of ten years incarceration, suspended after five years, and four years probation for the first arrest, with a concurrent term of five years incarceration on the second arrest. The total effective sentence was ten years suspended after five years incarceration. After the petitioner had pleaded guilty to each of the charges individually, but just prior to the imposition of his total effective sentence, the following colloquy took place between the petitioner's counsel and the court:

"The Court: . . . Is there anything you would like to add counsel?

"[The Petitioner's Counsel]: Yes, Your Honor. [The petitioner] has been incarcerated since December 5 or 12, I believe it is. I would just like to make sure that he gets credit on all files for that period of incarceration.

"The Court: All right, I can't do the computation here, sir, but I will have the mittimus reflect that you are given all appropriate jail credit as computed by the department of correction.

"[The Petitioner's Counsel]: Okay."

The department thereafter calculated the petitioner's discharge date as January 24, 2011, or five years from the date of the second arrest. The department did not afford the petitioner credit on his sentence for the second arrest for the fifty days he served between the first and second arrests. Those fifty days are at issue in this appeal.

On April 10, 2007, the petitioner filed a petition for a writ of habeas corpus, claiming that he had been deprived of his state and federal constitutional rights because the respondent, the commissioner of correction, "illegally lengthened [the] petitioner's confinement and this constitutes a failure on behalf of the state to

honor the plea bargain into which petitioner entered into with the state." The petitioner specifically claimed that he expected to receive jail credit on both arrests from December 5, 2005, but, instead, received a total effective sentence longer than the agreed upon sentence. While the petitioner's habeas action was pending, on September 13, 2007, the petitioner filed a motion for a revised judgment mittimus, seeking specification that he was to receive credit for his time served dating back to December 5, 2005, on both arrests. On October 26, 2007, the court denied the petitioner's motion without an evidentiary hearing.[1] The petitioner thereafter moved for reconsideration, and on March 31, 2008, the court denied the motion, finding that "there was no implied promise by the state and no agreement between the parties on [the issue of jail credit]." The petitioner did not appeal from either the original denial or the denial of the motion for reconsideration.

On July 7, 2008, the respondent moved for summary judgment, arguing that the claims made in the petitioner's habeas petition were barred by res judicata and procedural default. On July 25, 2008, the court, *Schuman, J.,* rendered summary judgment in the respondent's favor. As to the claim of res judicata, the court found that the petitioner, in his motion for reconsideration, received a fair and full opportunity to litigate his *Santobello*[2] claim of an illegal sentence before the sentencing court. As to the claim of procedural default, the court found that "[t]he petitioner's failure to appeal [from] the sentencing court's denial of his *Santobello*

---

[1] The court wrote in the margin of the pleading that the petitioner "wants presentence confinement credit on both files for [December 5, 2005 to January 25, 2006], but that date precedes the date of his arrest in the second file."

[2] See *Santobello* v. *New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971) ("when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled").

motion constitutes a procedural default and thus an alternative ground for granting the motion for summary judgment."

The petitioner filed a petition for certification to appeal on August 4, 2008, which the court granted on August 5, 2008. The petitioner filed the present appeal on August 19, 2008. The petitioner claims that the court incorrectly concluded that it could not order modification of the terms of the plea agreement as the petitioner understood them to be. Specifically, the petitioner contends that because his sentence did not accurately reflect the plea agreement, the habeas court had the authority to direct the sentencing court to resentence him in conformity with the terms of the agreement. The respondent argues that the court correctly denied the petitioner relief on the grounds of res judicata and procedural default because the petitioner's claim was denied on the merits, and he failed to appeal from that decision. The petitioner requests that we reverse the court's judgment and remand the case to the habeas court for trial on the merits of his *Santobello* claim or, in the alternative, if he was required to appeal from the denial of his motion to correct, that we restore his right to appeal. We agree with the habeas court and conclude that the petitioner is procedurally defaulted.

The habeas court's conclusion that the petitioner is procedurally defaulted from raising his sentencing claim before the habeas court involves a question of law. Our review is therefore plenary. See *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008). Practice Book § 43-22 provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." This court has stated that " 'in order to challenge an illegal sentence, a defendant either must appeal the sentence

directly or file a motion to correct the sentence pursuant to Practice Book § 43-22 with the trial court before raising a challenge for the first time in a petition for a writ of habeas corpus.' " *Zabian* v. *Commissioner of Correction*, 115 Conn. App. 144, 151, 971 A.2d 822 (2009), citing *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 39, 779 A.2d 80 (2001). In *Zabian*, the petitioner argued that he was not required to appeal from the denial of his motion to revise his sentence before he could pursue his habeas claim and that the purpose of a motion to correct an illegal sentence pursuant to Practice Book § 43-22 could be accomplished without requiring a direct appeal. See *Zabian* v. *Commissioner of Correction*, supra, 149. Citing *Cobham*, this court disagreed with the claim of the petitioner in *Zabian*.

"In *Cobham*, the petitioner entered written pleas of nolo contendere and was sentenced by the trial court; three years later, the issue of whether the department . . . properly understood the petitioner's sentence was brought to the attention of the trial court. After the court clarified its position, the petitioner filed an amended petition for a writ of habeas corpus, claiming that he was incarcerated in accordance with an illegal sentence because the judgment mittimus ordered him to serve consecutively two minimum mandatory sentences. . . . The Supreme Court, noting that Practice Book § 43-22 provided the trial court with the authority to take action to correct an illegal sentence, concluded that the habeas proceeding is not the appropriate vehicle by which to challenge the legality of a sentence."[3] (Citation omitted.) *Zabian* v. *Commissioner of Correction*, supra, 115 Conn. App. 151.

---

[3] In *Cobham*, our Supreme Court reasoned that such claims should be raised in the sentencing court because that court has the greatest access to various sentencing remedies and can reach the matter more expeditiously than through a habeas petition. *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 38–39.

In this case, as in *Zabian*, the petitioner filed a motion to correct an illegal sentence but failed to file an appeal from the denial of his motion. He is therefore procedurally defaulted for choosing not to challenge the denial of his motion by filing an appeal with this court. See id., 151–52. "Because the petitioner has failed to follow the proper procedures by which to preserve his challenge to the sentence before having filed this petition for a writ of habeas corpus, his petition is procedurally defaulted, and, therefore, we will review the petitioner's claim only if he can satisfy the cause and prejudice standard of *Wainwright* v. *Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). . . . Generally, [t]he appropriate standard for reviewability of habeas claims that were not properly raised at trial . . . or on direct appeal . . . because of a procedural default is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . . Once the respondent has raised the defense of procedural default in the return, the burden is on the petitioner to prove cause and prejudice. . . . Because [c]ause and prejudice must be established conjunctively, we may dispose of this claim if the petitioner fails to meet either prong." (Citations omitted; internal quotation marks omitted.) *Zabian* v. *Commissioner of Correction*, supra, 115 Conn. App. 152.

The petitioner has failed to establish good cause for his failure to appeal from the denial of his motion to revise his sentence. In his reply brief, the petitioner argues that even if *Zabian* requires that a petitioner must challenge a denial of a motion to revise an illegal

sentence through a direct appeal, he did not have notice of the new law outlined in *Zabian*. Contrary to the petitioner's claims, the requirement that a petitioner appeal to this court does not constitute a new precedent that was unknown to the petitioner at the time he filed his habeas petition. Although our recent decision in *Zabian* clearly laid out the aforementioned requirements, the general rule that habeas petitions "may not be filed until appellate remedies have been exhausted" has long been established. (Internal quotation marks omitted.) *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 132, 629 A.2d 413 (1993). Further, our Supreme Court has stated that "under *Cobham* v. *Commissioner of Correction*, supra, 258 Conn. 38, the petitioner first was required to raise his *Santobello* claim via a motion to correct an illegal sentence or on direct appeal. As a general matter, a defendant who files a petition for a writ of habeas corpus will be deemed to have procedurally defaulted unless he exhausts at least one of those remedies." *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 737, 937 A.2d 656 (2007). "Failing to recognize the factual or legal basis for a claim or failing to raise a claim despite recognizing it does not constitute cause for a procedural default." *Mercer* v. *Commissioner of Correction*, 49 Conn. App. 819, 824, 717 A.2d 763, cert. denied, 247 Conn. 920, 722 A.2d 810 (1998). The petitioner has failed to demonstrate good cause for his failure to exhaust any of his available remedies, and, therefore, his claim must fail.

The petitioner also claims that his failure to appeal was based on the fact that an appeal would not have resolved the merits of his *Santobello* claim because the court did not hold an evidentiary hearing. We conclude that a hearing on the petitioner's motion was neither required, nor ever requested by the petitioner. "[U]nless otherwise required by statute, a rule of practice or a rule of evidence, whether to conduct an evidentiary

hearing generally is a matter that rests within the sound discretion of the trial court." (Internal quotation marks omitted.) *State* v. *Michael J.*, 274 Conn. 321, 332, 875 A.2d 510 (2005). "[T]he existence of cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rule. . . . [For example] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or . . . some interference by [officials] . . . would constitute cause under this standard." (Internal quotation marks omitted.) *Jackson* v. *Commissioner of Correction*, supra, 227 Conn. 137. In this case, the absence of an evidentiary hearing was not the sort of "objective factor external to the defense"; id.; that would constitute cause to overcome the petitioner's procedural default.

Because we conclude that the petitioner has failed to satisfy the cause or prejudice required to overcome the procedural default, we cannot review his claims. Accordingly, we affirm the habeas court's decision to dismiss the petitioner's petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.