ROBERT E. MISH *v.* COMMISSIONER
OF CORRECTION
(AC 32010)
(AC 32071)

Gruendel, Lavine and Espinosa, Js.

Argued November 7, 2011—officially released February 28, 2012

*W. Theodore Koch III*, special public defender, for the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *David S. Shepack*, state's attorney, and *Kelly Masi*, assistant state's attorney, for the appellee (respondent).

*Opinion*

ESPINOSA, J. The petitioner, Robert E. Mish, appeals from the judgments of the habeas court denying his amended petitions for a writ of habeas corpus.[1] The petitioner claims that the court improperly dismissed counts one and two of his first petition on the ground of procedural default. We affirm the judgments of the habeas court.

The following undisputed facts are relevant to the petitioner's appeals. The petitioner was arrested on March 10 and April 29, 2004, and charged with various narcotics offenses. The court appointed special public defender Dennis McDonough to represent the petitioner in connection with these offenses. At the time of the arrests, the petitioner was on probation after having pleaded guilty to four counts of burglary in the third degree. On May 20, 2004, the petitioner was arrested again and charged with violation of his probation on the basis of his March 10 and April 29, 2004 arrests.

---

[1] The petitioner initially filed two separate but identical appeals to this court from the habeas court's judgments, listing on both appeal forms the docket number corresponding to the violation of probation proceeding and the docket number corresponding to the criminal trial. As the habeas court resolved claims that arose under both docket numbers in its decision, this court consolidated these appeals and considered them together. Because the first amended petition, which pertained to the underlying criminal convictions, and the second amended petition, which pertained to the violation of probation matter, involved similar claims, for convenience we refer to the first petition only throughout this opinion.

During the violation of probation proceeding, the petitioner admitted that he had violated his probation. On December 13, 2004, the court, *Bellis, J.*, sentenced him to thirteen and one-half years incarceration. In the ensuing criminal trial on the narcotics charges, the jury found the petitioner guilty of all charges. The court, *Gill, J.*, rendered judgment in accordance with the jury verdict and sentenced him to fifteen years incarceration, to be served consecutive to the sentence imposed for violation of probation, for a total effective sentence of twenty-eight and one-half years incarceration. The petitioner subsequently appealed to this court from the conviction on the narcotics charges. Special public defender Carlos E. Candal represented him on appeal. This court affirmed the judgment; *State* v. *Mish*, 110 Conn. App. 245, 954 A.2d 854 (2008); and our Supreme Court denied the petitioner's petition for certification to appeal. *State* v. *Mish*, 289 Conn. 941, 959 A.2d 1008 (2008).

On September 8, 2009, the petitioner filed an amended petition for a writ of habeas corpus. The petition contained four separate counts. Count one alleged that the court, *Gill, J.*, violated the petitioner's right to the effective assistance of counsel by refusing to allow McDonough to withdraw as the petitioner's counsel in the criminal trial. Count two alleged that the court improperly interfered in plea negotiations. Count three alleged that McDonough rendered ineffective assistance of counsel during the petitioner's criminal trial. Finally, count four alleged that Candal rendered ineffective assistance in his handling of the petitioner's unsuccessful direct appeal. In his return, the respondent, the commissioner of correction, alleged the special defense of procedural default with regard to counts one and two of the petitioner's amended petition. The respondent asserted that the petitioner had failed to make the claims within those counts at trial or on appeal and did

not state good cause for raising them for the first time in the habeas proceeding. The petitioner did not file a reply.

The habeas court conducted a hearing on the petition on January 11, 2010. The court first considered the issue of procedural default as to counts one and two of the petitioner's amended petition. After hearing from both sides, the court dismissed counts one and two on the ground that the petitioner failed to reply to the respondent's claims of procedural default. The court then conducted a full hearing on the remaining counts. After it heard evidence regarding the ineffective assistance of counsel claims alleged in counts three and four, it denied the amended petition in an oral decision. In that decision, the court found that neither McDonough nor Candal had rendered ineffective assistance. The court then noted: "The court will also make a comment in regard to the procedural default, that even had the matter been raised on appeal, it would have been unsuccessful. There is no ineffective assistance of appellate counsel." On January 20, 2010, the court granted the petitioner's requests for certification to appeal. The petitioner filed the present appeals on February 26, 2010.

The petitioner claims that the court improperly dismissed counts one and two of his petition on the ground of procedural default. He asserts, as he did during the habeas proceeding, that, under Practice Book § 23-31,[2] he was not required to file a reply to the respondent's

---

[2] Practice Book § 23-31 provides: "(a) If the return alleges any defense or claim that the petitioner is not entitled to relief, and such allegations are not put in dispute by the petition, the petitioner shall file a reply.

"(b) The reply shall admit or deny any allegations that the petitioner is not entitled to relief.

"(c) The reply shall allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default. The reply shall not restate the claims of the petition."

claim of procedural default alleged in his return. According to the petitioner, Practice Book § 23-31 requires a reply to the return only when the petition itself does not put in dispute the allegations made in the return. The petitioner claims that, in this case, the amended petition did put in dispute the claim of procedural default, so a reply was not required. Specifically, the petitioner contends that his amended petition asserted good cause for raising the claims in counts one and two for the first time in the habeas proceeding, namely, the ineffective assistance of counsel alleged in count four. The petitioner maintains that this resulted in prejudice to him, in the form of the "mishandling of specified appellate issues . . . ." Therefore, the petitioner claims that his amended petition adequately responded to the respondent's allegation of procedural default, and that the decision of the habeas court dismissing counts one and two for procedural default should be reversed. We are not persuaded.

We conduct a plenary review of the legal conclusions of the habeas court. "Although the underlying historical facts found by the habeas court may not be disturbed unless they were clearly erroneous, whether those facts constituted a violation of the petitioner's rights . . . is a mixed determination of law and fact that requires the application of legal principles to the historical facts of this case. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Citation omitted; internal quotation marks omitted.) *Phillips* v. *Warden*, 220 Conn. 112, 131, 595 A.2d 1356 (1991).

"Generally, [t]he appropriate standard for reviewability of habeas claims that were not properly raised at trial . . . or on direct appeal . . . because of a procedural default is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct

appeal and actual prejudice resulting from the impropriety claimed in the habeas petition." (Internal quotation marks omitted.) *Chaparro* v. *Commissioner of Correction*, 120 Conn. App. 41, 48, 990 A.2d 1261, cert. denied, 297 Conn. 903, 994 A.2d 1287 (2010).

"The cause and prejudice standard is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, [inadvertence] or ignorance . . . . [T]he existence of cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rule. . . . [For example] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or . . . some interference by officials . . . would constitute cause under this standard. . . . Cause and prejudice must be established conjunctively. . . . If the petitioner fails to demonstrate either one, a trial court will not review the merits of his habeas claim." (Citations omitted; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 191, 982 A.2d 620 (2009).

Assuming, without deciding, that Practice Book § 23-31 (a) did not require the petitioner to file a reply, we conclude nonetheless that he failed to establish good cause because the habeas court found that there was no ineffective assistance of counsel, a finding that the petitioner does not challenge on appeal. To satisfy Practice Book § 23-31 (c), the petitioner must allege cause for his failure to make the claims within counts one and two at trial. If we accept, for the sake of argument, that count four put in dispute procedural default and that this made a reply unnecessary, count four nevertheless fails to satisfy the cause and prejudice standard. Count four does not assert good cause to bring the claims in counts one and two because the habeas court

found that the petitioner's appellate counsel did not render ineffective assistance of counsel. As our Supreme Court has explained, "attorney error short of ineffective assistance of counsel does not adequately excuse compliance with our rules of . . . procedure." (Internal quotation marks omitted.) Id., 194. It follows that the petitioner did not assert good cause to bring the claims in counts one and two, and, therefore, that the habeas court properly dismissed these counts on the ground of procedural default.

The judgments are affirmed.

In this opinion the other judges concurred.